NORTH CICERO DODGE, INC., Plaintiff-Appellant, v. VICTORIA FEED COMPANY, Defendant-Appellee.

Third District No. 3—86—0401

Opinion filed January 28, 1987.

W.K. Harris, of Harris & Harris, of Macomb, for appellant.

West, Neagle & Williamson, of Galesburg, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, North Cicero Dodge, Inc., appeals from the dismissal with prejudice of its claim against the defendant, Victoria Feed Company, for lack of diligence in obtaining service of process. We affirm.

The facts are undisputed. On March 28, 1979, the defendant's tractor trailer (the truck) collided with the plaintiff's automobile at an

intersection in Macomb, Illinois. In August of 1979, the plaintiff's insurance carrier submitted to the defendant's insurer a subrogation claim for the plaintiff's property loss. On March 27, 1984, the plaintiff filed a complaint against the defendant and had an original summons issued to the Knox County sheriff. The sheriff returned the summons on April 2, 1984, with the notation that the defendant could not be found, and the additional notation that "Victoria Feed Co. [is] no longer in operation." On November 22, 1985, the plaintiff caused an alias summons to be issued to the Rock Island County sheriff. Service on the defendant was obtained in the city of Rock Island on November 27, 1985.

On January 3, 1986, the defendant filed a motion to dismiss pursuant to Supreme Court Rule 103(b), alleging that the plaintiff failed to exercise reasonable diligence in serving process on the defendant. In an attached affidavit, the defendant stated that it had been in continuous operation since 1959 with its principal place of business in Rock Island; that it had been continuously registered as an Illinois corporation with the Secretary of State since 1959; that since 1959 the defendant had been listed in the Quad-Cities telephone directory; that its mailing address had been a post office box in Milan, Illinois; and that its mailing address had been listed on the truck's vehicle registration with the Secretary of State and on the truck's operating permit with the Illinois Commerce Commission. Also attached to the motion was the Macomb police accident report giving the defendant's mailing address.

The plaintiff filed a counteraffidavit in opposition to the defendant's motion. In the counteraffidavit, the plaintiff stated that the defendant's insurer had been aware of the plaintiff's insurer's subrogation claim for more than six years; that the Knox County sheriff returned the original summons indicating that the defendant could not be found and was no longer in operation; that the plaintiff examined the directories of 10 telephone exchanges before locating the defendant's address in the Quad-Cities directory; and that the plaintiff subsequently caused an alias summons to be served upon the defendant in Rock Island County.

Based upon the above affidavits, the court dismissed the plaintiff's cause with prejudice because of the plaintiff's failure to use reasonable diligence in the service of the alias summons. The plaintiff brings this appeal.

■■ ■ Supreme Court Rule 103(b) provides in relevant part that an action shall be dismissed with prejudice if a plaintiff's failure to exercise reasonable diligence to obtain service occurs after the expira-

tion of the applicable statute of limitations. (87 Ill. 2d R. 103(b).) The purpose of this rule is to protect defendants from unnecessary delays in the service of process upon them. (*Greenwood v. Blondell* (1980), 85 Ill. App. 3d 186, 406 N.E.2d 204.) A dismissal of an action pursuant to Rule 103(b) is within the sound discretion of the trial court and will not be disturbed on review absent an abuse of that discretion. *Montero v. University of Illinois Hospital* (1978), 57 Ill. App. 3d 206, 372 N.E.2d 1010.

The standard for determining reasonable diligence is an objective one, and the burden is on the plaintiff to show that he has exercised such diligence in his efforts to obtain service. (*Hanna v. Kelly* (1980), 91 Ill. App. 3d 896, 414 N.E.2d 1262.) The factors that a court will consider to determine whether the plaintiff has exercised reasonable diligence are: (1) the length of time used to obtain service; (2) the activities of the plaintiff; (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's location could have been ascertained; (5) the actual knowledge by the defendant of the pendency of the action; and (6) special circumstances which would affect the plaintiff's efforts. *Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929, 388 N.E.2d 1261.

In the case at hand, the plaintiff filed its complaint and issued the original summons one day prior to the expiration of the statute of limitations. Following the return of the unanswered summons, the plaintiff spent 20 months examining 10 telephone directories before finding the defendant's address. The plaintiff could have more readily discovered the address either through the defendant's corporate registration or vehicle registration with the Secretary of State, or through the truck's operating permit with the Illinois Commerce Commission. The plaintiff also could have checked the accident report which listed the defendant's Milan mailing address. The Knox County sheriff's notation on the original summons that the defendant was no longer in operation was not a sufficient special circumstance to excuse the delay. We find that the trial court did not abuse its discretion in dismissing the plaintiff's action with prejudice.

Accordingly, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

SCOTT, P.J., and WOMBACHER, J., concur.