(No. 62837.—

MARVIN CATLETT, Appellant, v. JAMES NOVAK *et al.* (Illinois Central Gulf Railroad, Appellee).

*Opinion filed April 2, 1987.*

SIMON, J., specially concurring.

Robin Ellen Forbes and Gary B. Katz, of Benjamin & Shapiro, Ltd., of Chicago, for appellant.

James L. Pittman and Christ S. Stacey, of Chicago (James L. Pittman & Associates, Ltd., of counsel) for ap-

pellee.

JUSTICE WARD delivered the opinion of the court:

The plaintiff, Marvin Catlett, filed a complaint in the circuit court of Cook County alleging negligence of the defendants, James Novak and the Illinois Central Gulf Railroad (ICG). Novak, claiming the plaintiff was not diligent in serving process, moved to dismiss the complaint with prejudice under Supreme Court Rule 103(b) (87 Ill. 2d R. 103(b)). The plaintiff then moved to voluntarily dismiss his complaint without prejudice pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009). The circuit court granted the plaintiff's motion and the plaintiff, under section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217), refiled his complaint. The court allowed the motion to dismiss of the ICG, which contended that section 13—217 was unconstitutional as applied to the ICG. When the trial court granted that motion, the plaintiff appealed to the appellate court. The appeal was transferred on the plaintiff's motion to this court under Supreme Court Rule 302(a) (103 Ill. 2d R. 302(a)).

The plaintiff's lawsuit is based on personal injuries suffered in an auto accident that occurred December 31, 1979. He filed his original complaint, naming Novak and the ICG as defendants, on December 30, 1981, one day before the two-year statute of limitations for negligence actions would have run (Ill. Rev. Stat. 1981, ch. 110, par. 13—202). Catlett claimed that Novak, an employee of ICG, had negligently driven a company vehicle, causing injury to the plaintiff. Novak was served with process nearly a year later on December 21, 1982; the ICG never was served. Novak filed a motion on February 10, 1983, to dismiss the complaint with prejudice under Rule 103(b), arguing that he was not served until nearly one

year after the statute of limitations had run and until almost three years after the accident had occurred. The plaintiff, in response, moved for a voluntary dismissal of his complaint under section 2—1009, which the court granted on April 6, 1983. Nine months later, on January 10, 1984, the plaintiff refiled his complaint pursuant to section 13—217, which allows a plaintiff, after taking a voluntary dismissal, to refile a complaint within one year even if the statute of limitations has already run at the time of dismissal. The ICG was served with process on the refiled complaint three days later on January 13, 1984, and Novak was served on January 17, 1984. On February 14, 1984, the ICG filed a motion to dismiss, alleging that Catlett failed to comply with the statute of limitations. Novak filed a motion to dismiss on March 16, 1984, asserting that Catlett was not diligent in serving process and that section 13—217 was unconstitutional because the plaintiff's invoking of this section defeated Novak's right to rely on the statute of limitations. Both motions were denied on May 15, 1984. The ICG then filed a second motion to dismiss on June 14, 1984, grounded on Rule 103(b) and also asserting that section 13—217 was unconstitutional as applied to the ICG because it violates the ICG's due process rights to rely on the statute of limitations and the protection of that right through Rule 103(b). The trial court granted the ICG's motion to dismiss, finding section 13—217 unconstitutional as applied to the ICG. The court's order did not dismiss the suit as to Novak, and he is not involved in this appeal.

Section 2—1009 in part provides:

"(a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as

to any defendant, without prejudice, by order filed in the cause. ***" Ill. Rev. Stat. 1983, ch. 110, par. 2—1009.

Section 13—217 in part provides:

"In *** actions *** where the time for commencing an action is limited, *** [and] the action is voluntarily dismissed by the plaintiff, *** whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, *** after the action is voluntarily dismissed by the plaintiff ***." Ill. Rev. Stat. 1983, ch. 110, par. 13—217.

Supreme Court Rule 103(b) provides:

"(b) If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." 87 Ill. 2d R. 103(b).

The plaintiff first contends that the trial court's order finding section 13—217 unconstitutional as applied to the ICG is void as *res judicata* because the question of constitutionality had been raised earlier by the defendant and had been decided adversely to it by the trial court. Under the doctrine of *res judicata,* a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and that judgment is an absolute bar to subsequent actions involving the same claims or demands by the same parties or their privies. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251; *Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 433; *People v. Bone* (1980), 82 Ill. 2d 282, 287, *cert. denied* (1981), 454 U.S.

839, 70 L. Ed. 2d 120, 102 S. Ct. 145.) The doctrine is inapplicable here because the trial court's denial of the defendants' original motions to dismiss was not a final judgment on the merits, which is required to invoke *res judicata*. A judgment is final if it determines the litigation on the merits so that the only step remaining is proceeding with the execution of the judgment. (*In re Marriage of Cannon* (1986), 112 Ill. 2d 552, 556; *Wold v. Bull Valley Management Co.* (1983), 96 Ill. 2d 110, 112; *Flores v. Dugan* (1982), 91 Ill. 2d 108, 112; *Relph v. Board of Education* (1981), 84 Ill. 2d 436, 441.) The denial of a motion to dismiss is not, of itself, a final determination or adjudication of the controversy (*Dornfeld v. Julian* (1984), 104 Ill. 2d 261, 265; *In re Marriage of Schuham* (1981), 99 Ill. App. 3d 48, 51; *Jursich v. Arlington Heights Federal Savings & Loan Association* (1980), 83 Ill. App. 3d 352), but is interlocutory in nature. An interlocutory order can be reviewed, modified, or vacated at any time before final judgment. (*Balciunas v. Duff* (1983), 94 Ill. 2d 176, 185-88; *Kemner v. Monsanto Co.* (1986), 112 Ill. 2d 223, 240; *Brown v. Scotillo* (1984), 104 Ill. 2d 54, 58-59; *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 119-21; *Leopold v. Levin* (1970), 45 Ill. 2d 434, 446; see also Ill. Rev. Stat. 1983, ch. 110, pars. 2—619(d), (e).) The trial court's order denying Novak's and the ICG's first motions to dismiss did not terminate the litigation. It did not determine the controversy on the merits but was an interlocutory order that could be modified or vacated. There was no final judgment entered so as to make *res judicata* applicable.

The plaintiff next contends that the trial court erred in dismissing his lawsuit with prejudice because section 13—217 provides a plaintiff the absolute right to refile a lawsuit within one year after voluntary dismissal if the original complaint was filed within the applicable limitations period. He argues that, since he filed his first com-

plaint against the ICG before the limitations period had run and he had voluntarily dismissed that lawsuit pursuant to section 2—1009, he had an absolute right up to one year after the dismissal to refile his suit under section 13—217, notwithstanding any alleged lack of diligence in serving process on his first complaint.

We recently addressed and rejected in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, a similar argument based on a plaintiff's claim of an "absolute right" to voluntarily dismiss a suit under section 2—1009 and to refile it under section 13—217. We decided in *O'Connell*, in response to a question originally certified by the circuit court under Rule 308 (87 Ill. 2d R. 308), that where a plaintiff, relying on section 2—1009, moves to voluntarily dismiss his suit while a Rule 103(b) motion of the defendant pends, the trial court must hear the latter motion on its merits prior to ruling on the plaintiff's motion. (112 Ill. 2d 273, 283.) We observed that our Rule 103(b) establishes a requirement of reasonable diligence to effect service of process, while section 2—1009 allows a plaintiff to voluntarily dismiss his complaint even where service of process is not effected until expiration of the applicable statute of limitations. Further, we noted that section 13—217 allows a plaintiff to refile his complaint within one year of his voluntary dismissal, without reference to the matter of diligence on service of process as to the original complaint. We noted in *O'Connell* that both the judiciary and the legislature may promulgate procedural rules, but if this court's rule is in conflict with a legislative enactment, the rule will prevail. (112 Ill. 2d 273, 281.) Reasonable diligence in serving process, as required by Rule 103(b), is essential to rendering justice fairly and promptly (112 Ill. 2d 273, 282), and we held that sections 2—1009 and 13—217 unduly infringe upon the judiciary and violate the separation of powers where a plaintiff takes a voluntary dis-

missal under section 2—1009 when his diligence is challenged and then refiles under section 13—217. Insofar as section 2—1009 directs the circuit court to dismiss a case without first, on the defendant's or the court's own motion, evaluating the plaintiff's diligence in accordance with Rule 103(b), the statute unduly infringes upon the exclusive authority of the judiciary to render judgments. 112 Ill. 2d 273, 283.

*O'Connell* made clear that a plaintiff's rights to voluntarily dismiss and refile his complaint under sections 2—1009 and 13—217 are subject to the reasonable-diligence standard of Rule 103(b). The plaintiff cites this court's decisions in *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, and *Franzese v. Trinko* (1977), 66 Ill. 2d 136, as support for his position that he has an absolute right to refile his complaint within one year of a voluntary dismissal. This fails to consider, however, our decision in *O'Connell* and its discussion of the interplay of Rule 103(b) with sections 13—217 and 2—1009. *O'Connell* is applicable here. While the plaintiff in *O'Connell* had voluntarily dismissed his case after his diligence was challenged by one of the defendants, the ICG did not have the opportunity to challenge Catlett's diligence because it had not been served with process. The record here indicates that the plaintiff made no effort to serve the ICG on the first complaint. As in *O'Connell*, however, plaintiff's exercise of his rights to dismiss and refile demonstrates how the two sections may be coordinated so as to protract unduly and unfairly the service of process on a defendant and defeat Rule 103(b)'s effort to insure the prompt administration of justice. *O'Connell* emphasized this in observing that "[n]othing is more critical to the judicial function than the administration of justice without delay." (*O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 282; see also *Dillie v. Bisby*

(1985), 106 Ill. 2d 487, 490-91.) In light of and consistent with the intent of the decision in *O'Connell*, we remand this cause to the trial court for a hearing under Rule 103(b) on the question of reasonable diligence of the plaintiff in serving process. At that hearing, the trial court "may consider the circumstances surrounding plaintiff's service of process on his original as well as his refiled complaint." *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 283.

For the reasons given, that part of the circuit court's judgment which held section 13—217 unconstitutional as applied is vacated, and the cause is remanded to the circuit court of Cook County for proceedings as directed.

*Judgment vacated; cause remanded, with directions.*

JUSTICE SIMON, specially concurring:

I concur with the court's decision insofar as it directs the circuit court to consider the plaintiff's diligence in serving process upon the Illinois Central Gulf Railroad. But for the reasons stated in my concurring opinion in *Kiven v. Mercedes Benz* (1986), 111 Ill. 2d 585 (order entered upon allowing appeal) (see April 30, 1986, Official Reports Advance Sheets at (18)), I do not agree that section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009) "infringes upon the exclusive authority of the judiciary." (116 Ill. 2d at 70.) Section 2—1009 and Rule 103(b) (87 Ill. 2d R. 103(b)) address unrelated matters, and there is no reason to precipitate discord with the legislative branch when the concerns of Rule 103(b) can be fully protected without encroaching upon the *bona fide* exercise of the statutory procedure. The words of sections 2—1009 and 13—217 do not suggest that delinquent plaintiffs may avoid the penalties of Rule 103(b) by use of the voluntary dismissal, so it cannot be said that the application of Rule

103(b) in those instances raises a conflict with the statute.

In sum, this case does not call for a decision grounded on a separation-of-powers conflict because none exists.