JAMES R. PAGLIS *et al.*, Plaintiffs-Appellants, v. AUGUST BLACK *et al.*, Defendants-Appellees.

Third District   No. 3—88—0430

Opinion filed February 3, 1989.

George M. Stuhr, of Rudman & Subuco, of Joliet, for appellants.

James R. Fabrizio, of Garrison, Fabrizio & Hanson, Ltd., of Joliet, for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

The trial court dismissed with prejudice the plaintiffs' claim

against the defendants, August Black, George Black, Frank Black, Donald Black, and Black & Black, on the ground that the plaintiffs were not diligent in obtaining service of process on the defendants. The plaintiffs, James R. Paglis, James P. Paglis, and Paglis Buick Cadillac, Inc., appeal. We affirm.

On September 30, 1987, the plaintiffs sued the defendants on two counts of legal malpractice. On April 19, 1988, the defendants moved to dismiss the lawsuit with prejudice on the ground that the plaintiffs were not diligent in obtaining service of process. In their motion, the defendants alleged the following facts: (1) that the two counts of the cause of action occurred on October 1 and October 26, 1982; (2) that the cause of action had a five-year statute of limitations period; (3) that the complaint was filed shortly before the running of the statute of limitations; (4) that the plaintiffs did not obtain issuance of the summonses until March 15, 1988; (5) that the plaintiffs knew that the defendants had a law office in the Grundy County National Bank building in Morris, Illinois; and (6) that after the plaintiffs obtained issuance of the summonses, the defendants were served process within nine days.

In their answer to the motion, the plaintiffs conceded all of the foregoing facts. At the hearing on the motion, the plaintiffs offered no explanation for the delay in obtaining service of process, but argued that under the circumstances they were reasonably diligent in obtaining service. The trial court granted the defendants' motion.

On appeal, the plaintiffs argue that the trial court abused its discretion in dismissing the complaint with prejudice. The plaintiffs reiterate their argument made at trial that under the circumstances they were reasonably diligent in obtaining service of process. They also emphasize that the 5½-month period of delay between the filing of the complaint and the issuance of the summonses was shorter than the periods of delay in other cases where the court found the plaintiff to be reasonably diligent. See, e.g., *Dupon v. Kaplan* (1987), 163 Ill. App. 3d 451, 516 N.E.2d 727.

■■ ■ Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)) provides that an action shall be dismissed with prejudice if a plaintiff's failure to exercise reasonable diligence to obtain service of process occurs after the expiration of the statute of limitations. The purposes of the rule are to protect defendants from unnecessary delays in the service of process, to prevent the circumventing of the statute of limitations, and to expedite the handling of lawsuits. (*Viking Dodge Inc. v. Hofmann* (1987), 161 Ill. App. 3d 186, 514 N.E.2d 248.) The factors to be considered in determining whether a plaintiff has exercised reasonable dili-

gence are: (1) the length of time used to obtain service; (2) the activities of the plaintiff; (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant could be located; (5) the defendant's actual knowledge of the action; and (6) special circumstances which would affect the plaintiff's efforts. *North Cicero Dodge v. Victoria Feed Co.* (1987), 151 Ill. App. 3d 860, 503 N.E.2d 868.

The standard for determining reasonable diligence is an objective one, and the burden is on the plaintiff to show that he was diligent. (*North Cicero Dodge,* 151 Ill. App. 3d at 863, 503 N.E.2d at 870.) The decision to dismiss for lack of diligence is within the sound discretion of the trial judge. *North Cicero Dodge,* 151 Ill. App. 3d at 863, 503 N.E.2d at 870.

In the instant case, the plaintiffs filed suit shortly before the statute of limitations expired. They then waited 5½ months before attempting to obtain service of process on the defendants. The plaintiffs conceded that they knew where the defendants' offices were located, but offered no explanation for the delay. These facts establish a lack of reasonable diligence in obtaining service of process. We therefore find that the trial court did not abuse its discretion in dismissing the plaintiffs' action with prejudice.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER, P.J., and WOMBACHER, J., concur.