GLADYS EASA, Plaintiff-Appellant, v. GROUP III PROMOTIONS, INC., Defendant (Karen Doerr, Defendant-Appellee).

First District (2nd Division)   No. 1—88—1399

Opinion filed April 18, 1989.

---

*Justice Egan participated in the decision of this case prior to his assignment to the sixth division.

John J. Dwyer, Jr., of Robert W. Karr & Associates, Ltd., of Chicago, for appellant.

Maria G. Enriquez and Sandra Young, both of Purcell & Wardrope, Chartered, of Chicago, for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff appeals the dismissal of her complaint with prejudice, arguing that the trial court erred in considering her activities prior to the running of the statute of limitations in ruling on defendant's Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)) motion to dismiss.

Plaintiff alleges that she suffered injuries as a result of an automobile accident occurring on March 2, 1985. On July 31, 1985, she filed suit. On March 2, 1987, the statute of limitations on plaintiff's cause of action ran. On July 31, 1987, her action was dismissed for want of prosecution; nevertheless, for some obscure reason, as the trial judge commented at the hearing on the motion to dismiss, an order permitting plaintiff to nonsuit her action was entered on August 10, 1987, and she refiled the action on August 11, 1987, pursuant to section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—217). A motion to vacate the order of July 31, 1987, which had dismissed the case for want of prosecution, was not filed until August 24, 1987, and the order granting that motion was entered October 21, 1987. (These orders are not included in the record on appeal; however, the trial judge recited the procedural history of

the case in his decision on defendant's Rule 103(b) motion, and a transcript of that hearing is included in the record. Additionally, although plaintiff did not raise the matter before this court, a review of that transcript indicates that she changed attorneys at the time she took a nonsuit and refiled her action, but her new attorneys had made no "endeavor to find out why no service was had by the prior counsel.")

Group III Promotions, Inc. (Group III), was served on August 17, 1987. Return of service on Karen Doerr (defendant herein), dated August 18, 1987, revealed that she had a Tennessee address. An alias summons for service of process was issued on September 4, 1987, and defendant was served on September 15, 1987. On April 5, 1988, the trial court granted defendant's motion to dismiss pursuant to Rule 103(b) (107 Ill. 2d R. 103(b)), stating:

> "If a plaintiff's failure to exercise reasonable diligence in effectuating service of process occurs prior to the passage of the applicable statute of limitations, Rule 103(b) provides that the court may dismiss the action without prejudice. Under such circumstances the court has no authority to dismiss the action with prejudice. [Citation.]
>
> If, however, a plaintiff's failure to diligently serve process continues on past the passage of the applicable statute of limitations, then the rule mandates that the dismissal be granted with prejudice.
>
> There is no doubt that the plaintiff acted diligently in serving the movants some 34 days after refiling, but then so also was the plaintiff in *O'Connell v. St. Francis Hospital* diligent in the refiled action when service was effectuated nine days after refiling.
>
> The fact still remains that the original action herein was dismissed for want of prosecution some two years after filing and some five months after the statute of limitations had run without service ever having even been attempted on the movant.
>
> It is clear that the plaintiff lacked any diligence in attempting service in the original action and that the failure continued past the passage of the applicable statute of limitations. As a consequence, by its very language, Rule 103(b) mandates that the plaintiff's action against this movant be dismissed and dismissed with prejudice. That's the order."

Plaintiff appeals from this order. Group III had also filed a Rule 103(b) motion, but did not pursue it before the trial court and is not involved in this appeal.

OPINION

Supreme Court Rule 103(b) provides as follows:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." (107 Ill. 2d R. 103(b).)

Plaintiff argues that the trial court misconstrued this statute to require dismissal with prejudice when "a lack of reasonable diligence to obtain service continues after the statute of limitations runs." She contends that the correct interpretation of Rule 103(b) requires dismissal with prejudice only when such a lack of reasonable diligence occurs after the statute of limitations runs. She also contends that had she filed her complaint shortly prior to the running of the statute of limitations and served defendant within five months, the same time defendant in this action was served, she would have a viable claim. Thus, plaintiff maintains, she is being penalized for filing early.

Plaintiff dismissed her original complaint pursuant to section 13—217, which provides in pertinent part as follows:

> "[In actions] where the time for commencing an action is limited, if *** the action is voluntarily dismissed by the plaintiff *** the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, *** after the action is voluntarily dismissed." (Ill. Rev. Stat. 1987, ch. 110, par. 13—217.)

Our supreme court addressed the interrelationship between Rule 103(b) and section 13—217 in a number of cases, including *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d .1322, *Catlett v. Novak* (1987), 116 Ill. 2d 63, 506 N.E.2d 586, and *Muskat v. Sternberg* (1988), 122 Ill. 2d 41, 521 N.E.2d 932.

In *O'Connell*, plaintiff's claimed injury occurred on June 29, 1981, and he filed suit on June 29, 1983, which was the last day for filing under the applicable statute of limitations. The first summons issued eight months later, and all defendants were served by the end of March 1984. Defendants filed Rule 103(b) motions to dismiss with prejudice and, in response, plaintiff filed a motion for voluntary dismissal. Without hearing argument or ruling on defendants' Rule 103(b) motions, the trial court granted plaintiff's motion and dis-

missed the complaint. Plaintiff refiled on August 1, 1984, and the trial court denied defendants' refiled Rule 103(b) motions to dismiss with prejudice. The supreme court reversed this denial, stating:

"Nothing is more critical to the judicial function than the administration of justice without delay. ***

Due diligence in serving process is essential to this purpose, for it is the sole legally sufficient means of alerting defendants to the pendency of a civil suit. In addition, service with due diligence, by promptly placing defendant on notice of a pending action, shortens the time needed to investigate, prepare and litigate the issues raised, thereby allowing the court to proceed expeditiously to a just resolution of the matter before it.

* * *

We hold *** that where a plaintiff relies on sections 2—1009 [Ill. Rev. Stat. 1987, ch. 110, par. 2—1009 (which allows plaintiff, at any time before trial or hearing begins, upon notice, to dismiss his or her action as to any defendant, without prejudice)] and 13—217 in response to a pending Rule 103(b) motion, the Rule 103(b) motion must be heard on its merits prior to a ruling on plaintiff's motion to dismiss under section 2—1009. We further hold that, in ruling on the pending Rule 103(b) motions, the trial court may consider the circumstances surrounding plaintiff's service of process on his original as well as his refiled complaint." 112 Ill. 2d at 282, 283.

In *Catlett v. Novak* (1987), 116 Ill. 2d 63, 506 N.E.2d 586, plaintiff sought damages for personal injuries suffered in an auto accident occurring on December 31, 1979. On December 30, 1981, one day before the applicable statute of limitations ran, he filed suit against the ICG and Novak, its employee; Novak was served with process nearly a year later, on December 21, 1982, but the ICG was never served. Novak filed a Rule 103(b) motion to dismiss, but on April 6, 1983, the trial court granted plaintiff's section 2—1009 motion for voluntary dismissal, filed in response to Novak's motion. Nine months later, on January 10, 1984, plaintiff refiled his complaint, pursuant to section 13—217. The ICG was served three days later and Novak was served four days later. The trial court granted the ICG's Rule 103(b) motion to dismiss with prejudice, ruling that section 13—217 is unconstitutional because it violated the ICG's due process rights to rely on the statute of limitations, and plaintiff appealed. (Novak was not involved in the appeal.) The supreme court vacated that part of the trial court's order which held section 13—217 unconstitutional, stating:

"*O'Connell* made clear that a plaintiff's right to voluntarily

dismiss and refile his complaint under sections 2—1009 and 13—217 are subject to the reasonable-diligence standards of Rule 103(b). \*\*\* While the plaintiff in *O'Connell* had voluntarily dismissed his case after his diligence was challenged by one of the defendants, the ICG did not have the opportunity to challenge Catlett's diligence because it had not been served with process. The record here indicates that the plaintiff made no effort to serve the ICG on the first complaint. As in *O'Connell*, however, plaintiff's exercise of his rights to dismiss and refile demonstrates how the two sections may be coordinated so as to protract unduly and unfairly the service of process on a defendant and defeat Rule 103(b)'s effort to insure the prompt administration of justice. \*\*\* In light of and consistent with the intent of the decision in *O'Connell*, we remand this cause to the trial court for a hearing under Rule 103(b) on the question of reasonable diligence of the plaintiff in serving process. At that hearing, the trial court 'may consider the circumstances surrounding plaintiff's service of process on his original as well as his refiled complaint.' *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 283." *Catlett*, 116 Ill. 2d at 70-71.

In *Muskat v. Sternberg* (1988), 122 Ill. 2d 41, 521 N.E.2d 932, plaintiff brought suit for injuries allegedly suffered as a result of surgery performed between July 23 and July 26, 1980. She filed her complaint on July 22, 1982, one day before the applicable statute of limitations ran. The suit remained pending for two years, during which time plaintiff made no attempt to serve any of the defendants. Her action was dismissed for want of prosecution on July 23, 1984. She refiled on July 23, 1985, pursuant to section 13—217, and all of the defendants were served by the end of October 1985. The trial court denied defendants' motion to dismiss under Rule 103(b), ruling that the appropriate time by which to measure plaintiff's diligence commenced with refiling of the lawsuit. The appellate court reversed and the supreme court affirmed the appellate court, stating:

"Our Rule 103(b) provides that if the failure to exercise reasonable diligence to obtain service occurs after the expiration of the application [*sic*] statute of limitations, the dismissal *shall* be with prejudice. The wording of Rule 103(b) requires that the exercise of diligence in obtaining service of process after the expiration of the statute of limitations be considered whether that lack of diligence occurred in the first suit or after it had been dismissed and refiled." (Emphasis in original.) 122 Ill. 2d at 49.

Plaintiff argues that *O'Connell*, *Catlett* and *Muskat* do not require that her complaint be dismissed with prejudice, because in each of those cases the original complaint was filed shortly before the statute of limitations ran, and thus consideration of "[the] circumstances surrounding service of process in the first action necessarily entails scrutiny of reasonable diligence occurring after the [s]tatute of [l]imitations ha[d] run." She maintains that the supreme court's reasoning in these cases would have been different had suit been on file for an extended period of time prior to the running of the statute of limitations, as it was in the case at bar.

Defendant responds that she had no opportunity to challenge plaintiff's diligence in the original action because she was not served; therefore, the trial judge properly considered the period between the original filing and when she was served and found that plaintiff failed to exercise reasonable diligence. Summons issued in this case more than 24 months after plaintiff filed her original complaint, and six months after the statute of limitations had run. Defendant contends that plaintiff has violated the purpose of Rule 103(b), which is to "safeguard against the undermining and circumvention of statutes of limitation" (*Gatto v. Nelson* (1986), 142 Ill. App. 3d 284, 287, 492 N.E.2d 1), and that *O'Connell*, *Catlett* and *Muskat* mandate that plaintiff's complaint be dismissed with prejudice.

The trial court's decision on a Rule 103(b) motion will not be disturbed on appeal absent a showing of abuse of discretion. (*Gatto*, 142 Ill. App. 3d at 288.) Plaintiff has failed to make such a showing. As the supreme court stated in *O'Connell*, due diligence in serving process is essential to the administration of justice. (*O'Connell*, 112 Ill. 2d at 282.) Under Rule 103(b), plaintiff has the burden of showing that she has exercised reasonable diligence to obtain service, and there is no indication in the record that plaintiff made any attempt to serve defendant in the original suit. The fact that she filed shortly after the accident which is the subject of this suit does not excuse her lack of compliance with that rule. As our supreme court has noted, service of process "is the sole legally sufficient means of alerting defendants to the pendency of a civil suit." (*O'Connell*, 112 Ill. 2d at 282.) Additionally, service with due diligence provides defendants with an opportunity to "investigate, prepare and litigate the issues raised." (*O'Connell*, 112 Ill. 2d at 282.) In the instant case, plaintiff's prompt filing did not inure to the benefit of defendant, because she was not put on notice that a suit was pending and that she should begin preparing her defense. Although counsel for plaintiff made a representation to the trial court in the hearing of the Rule 103(b) motion that

"both defendants knew of the pendency of this cause of action shortly after the original filing, as is evidenced by a response from Firemen's Fund to answer the complaint," the record is barren of any support for this argument, and we note especially that it is not raised in this court. In sum, contrary to plaintiff's argument, she is not being penalized for filing early, but for failing to exercise reasonable diligence in effectuating service on defendant.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BILANDIC, P.J., and EGAN,* J., concur.

<hr>

_____

*Judge Egan participated in the decision of this case prior to becoming a member of the sixth division.