Robert McKENNA and Robert J.
Tollstam, Plaintiffs,

v.

Bruce R. BEEZY, Defendant.

No. 89 C 6488.

United States District Court,
N.D. Illinois, E.D.

Oct. 25, 1989.

David J. Fares, Creswll, Fares & Ryan, Chicago Heights, Ill., for plaintiffs.

Betty J. Gloss, Scharles E. Hervas, Schirott & Associates, P.C., Itasca, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendant, Bruce R. Beezy, to dismiss, pursuant to Fed.R.Civ.P. 12(b).

Plaintiffs, Robert McKenna and Robert J. Tollstam, brought this action in state court pleading eight counts, including federal and state claims, all of which stem from defendant's arrest of plaintiffs on April 6, 1986. Defendant removed the action and now moves to dismiss it in whole or in part on the alternate grounds of plaintiffs' alleged failure (1) to give proper notice of their state law claims to the municipality employing defendant, (2) to timely serve the complaint, and (3) to plead their federal law claims in a manner sufficient to overcome defendant's potential qualified immunity defense.

Without expressing an opinion as to the other grounds raised by defendant, the motion to dismiss is granted based upon plaintiffs' lack of reasonable diligence in failing to effectuate service until more than fifteen months after the statute of limitations on their claims had run.

■ Because this action was originally filed in state court and the conduct in question occurred prior to removal, this court may properly apply Illinois law governing dismissal for lack of diligence, Ill.Rev.Stat. ch. 110A, ¶ 103(b) (Supreme Court Rule 103(b)), rather than Fed.R.Civ.P. 4. *See* Fed.R.Civ.P. 81(c); *Schmitz v. Campbell–Mithun, Inc.*, 124 F.R.D. 189, 192–93 (N.D. Ill.1989) (district court applied Illinois Rule 2–611 in considering sanctions for filing of complaint in removed case).

Supreme Court Rule 103(b) provides:

**Dismissal for Lack of Diligence.** If the Plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved Defendant may be dismissed without prejudice. *If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice.* In either case, the dismissal may be made on the application of any Defendant or on the Court's own motion. (emphasis added.)

Rule 103(b) promotes the policy of rendering justice fairly and promptly, *O'Connell v. St. Francis Hospital,* 112 Ill.2d 273, 97 Ill.Dec. 449, 453, 492 N.E.2d 1322, 1326 (1986), as the prompt effectuation of service of process is the only legally adequate means of alerting a defendant to the pendency of a suit. *Id.; see also Viking Dodge, Ind. v. Hofmann,* 161 Ill.App.3d 186, 112 Ill.Dec. 782, 784, 514 N.E.2d 248, 250 (3d Dist.1987) (prevents circumvention of statute of limitations and expedites lawsuits).

■ The reasonableness of plaintiffs' diligence is determined by an objective standard, with the burden of showing reasonableness on the plaintiffs. *North Cicero Dodge v. Victoria Feed Company,* 151 Ill.App.3d 860, 105 Ill.Dec. 28, 30, 503 N.E.2d 868, 870 (3d Dist.1987). The following factors are relevant to the reasonableness of diligence: the length of time used to obtain service; the activities of the plaintiff; the plaintiff's knowledge of the defendant's location; the ease with which the defendant could be located; the defendant's actual knowledge of the action; and special circumstances which would affect the plaintiff's efforts. *Id.*

■ Dismissal with prejudice for lack of diligence in failing to serve process prior to the expiration of the statute of limitations is within the trial court's discretion. *Id.* For example, in *Easa v. Group III Pro-*

*motions, Inc.,* 182 Ill.App.3d 297, 130 Ill. Dec. 734, 738, 537 N.E.2d 1063, 1067 (1st Dist.1989), dismissal was with prejudice where the record revealed that summons in plaintiff's refiled case had not been issued until more than twenty-four months after the filing of the original complaint and six months after the statute of limitations had run. Similarly, in *Paglis v. Black,* 178 Ill.App.3d 1062, 128 Ill.Dec. 186, 188, 534 N.E.2d 206, 208 (3rd Dist.1989), dismissal was with prejudice where plaintiffs had not effected service of process within five and one-half months of the expiration of the statute of limitations.

 Examination of the facts of this case with respect to the six factors enunciated in *North Cicero Dodge,* strongly favors dismissal with prejudice:

(1) *Length of time used to serve*—more than fifteen months after the statute of limitations had run; more than seventeen months after the suit was filed; and more than thirty-nine months after the events giving rise to the suit allegedly occurred;

(2) *Plaintiffs' activities*—unknown as to what plaintiffs' activities were with respect to the original Summons; however, a first Alias Summons did not issue until July 1989, more than sixteen months after the action was filed. On the record, plaintiffs did no more than attempt service twice over a period of seventeen months;

(3) *Plaintiffs' knowledge of defendant's location*—defendant has been a police officer with the Village of Justice prior to, at the time of, and since the date of the occurrence of the events alleged in the Complaint. Since plaintiffs directed service to defendant and effectuated service of process on defendant at the Village of Justice Police Station on Archer Road, they presumably could have done exactly that at any point during the preceding years;

(4) *Ease of locating defendant*—since service was effected within two and one-half weeks of the issuance of the first Alias Summons, locating the defendant was accomplished with ease;

(5) *Defendant's actual knowledge of the action*—defendant claims he had no knowledge of the action prior to receipt of the Summons on August 2, 1989;

(6) *Special circumstances*—none.

Plaintiff retained a special process server on March 10, 1988 and did not hear from him until July, 1989. Despite the passage of fifteen months, plaintiffs apparently did nothing to urge the special process server on. Any lack of diligence on the part of the special process server must also be attributed to plaintiffs. Plaintiffs' inability to locate defendant in the telephone book does not constitute special circumstances. *See North Cicero Dodge, Inc.,* 105 Ill.Dec. at 30, 503 N.E.2d at 870. Moreover, there is absolutely no evidence of evasion of service by defendant. Plaintiffs clearly failed to exercise reasonable diligence in effecting service of process.

Out of concern for Illinois' policy, *see, e.g., Muskat v. Sternberg,* 122 Ill.2d 41, 118 Ill.Dec. 455, 458–59, 521 N.E.2d 932, 935–36 (1988); *Catlett v. Novak,* 116 Ill.2d 63, 106 Ill.Dec. 786, 790, 506 N.E.2d 586, 590 (1987); *O'Connell v. St. Francis Hospital,* 112 Ill.2d 273, 97 Ill.Dec. 449, 454, 492 N.E.2d 1322, 1327 (1986), and as a matter of prudence and comity, this court grants defendant's motion and dismisses this action in its entirety with prejudice.

IT IS SO ORDERED.