**Marlene LEACH, Plaintiff,**

v.

**BB & T CORPORATION, Brian McDaniel and Sheila Spino, Defendants.**

No. 1:05 CV 98.

United States District Court, N.D. West Virginia.

Nov. 30, 2005.

**14.**  *See, e.g., In re Rent–Way Sec. Litig.,* 218 F.R.D.   101, 121 (W.D.Pa.2003).

Brent E. Beveridge, Fairmont, WV, for Marlene Leach, Plaintiff.

C. David Morrison, Steptoe & Johnson, PLLC—Clarksburg, Mario R. Bordogna, Steptoe & Johnson, PLLC—Clarksburg, Clarksburg, WV, for BB & T Corporation, Brian McDaniel, Sheila Spino, Defendants.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS BRIAN MCDANIEL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5)

KEELEY, District Judge.

Before the Court is the motion of defendants BB & T Corporation ("BB & T") and

Brian McDaniel ("McDaniel") to dismiss McDaniel under Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service of process. For the following reasons, the Court GRANTS the defendants' motion.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

This is an age discrimination claim brought under the West Virginia Human Rights Act ("WVHRA"). The plaintiff, Marlene Leach("Leach"), was 54 years old and had been employed with BB & T and its predecessors for approximately 33 years at the time of her termination. On June 8, 2004, McDaniel, BB & T's Area Operations Manager, terminated Leach from her position as a receptionist/switchboard operator at BB & T's Fairmont branch because Leach violated its corporate ethics policies. Specifically, BB & T contends that Leach made prohibited transactions in her mother's account. Leach asserts that BB & T had no ethics policy prohibiting those transactions and that BB & T would not have terminated her employment but for her age.

On May 26, 2005, Leach filed a Complaint in the Circuit Court of Marion County, West Virginia, asserting violations of the WVHRA against BB & T and two members of its management personnel, McDaniel and Sheila Spino ("Spino"). In Count One, Leach asserts an age discrimination claim pursuant to the WVHRA against BB & T. In Count Two, she asserts a similar claim against McDaniel and Spino for "aiding and abetting" BB & T's violations. In Count Three, Leach alleges that the defendants failed to protect her from arbitrary and discriminatory employment practices by refusing to provide her with an interpretation and review of the ethics policy that BB & T claimed she violated.

The deputy clerk for the Circuit Court of Marion County issued a summons for BB & T, McDaniel and Spino on the same day that Leach filed her complaint. The summons included a North Carolina address for BB & T, and the same address in Fairmont, West Virginia for both McDaniel and Spino. On June 6, 2005, the Secretary of State of West Virginia accepted service of process on behalf of BB & T. On June 10, 2005, counsel for all the defendants filed a "Notice of *Bona Fide* Defense" stating "[p]lease take notice that Brian McDaniel and Sheila Spino, defendants in the above-referenced case, have a *bona fide* defense to the claims asserted against them by the plaintiff and will answer or otherwise respond to the complaint in accordance with the provisions of W.Va. R. Civ. P. 12(a)."

On June 24, 2005, the defendants removed this action from the Circuit Court of Marion County to this Court on the basis of diversity jurisdiction. Their removal papers asserted that BB & T was a citizen of the State of North Carolina and that Brian McDaniel was a resident of the State of South Dakota with his principal mailing address being 809 Fifth Avenue West, Lemmon, South Dakota, 57638. The defendants also contended that Spino, the only non-diverse defendant, had been fraudulently joined as a defendant for the sole purpose of defeating diversity. In their notice of removal, the defendants acknowledged that a copy of the summons and complaint had been served on BB & T, but stated that no other documents had been served in the action at that time.

On June 29, 2005, counsel filed an Answer in this Court on behalf of all defendants. Later, on July 8, 2005, however, defense counsel filed an amended answer solely on behalf of BB & T, which included a footnote that stated: "This Amended Answer, filed only on behalf of Defendant BB & T Corporation, replaces and supplants the previously filed Answer on Behalf of All Defendants in accordance with Federal Rule of Civil Procedure 15(a). An Answer will not be filed on behalf of Defendants McDaniel and Spino unless and until they are properly served with a copy of the Complaint. There has been no waiver of their right to be properly served."

On July 27, 2005, Leach moved to remand the case, asserting that Spino was directly involved in the investigation leading to her discharge. On August 5, 2005, BB & T responded that no cognizable claim existed against Spino based on the allegations in Leach's Complaint. Footnote one of its response also stated that, "[a]s of the filing of

this response memorandum, neither McDaniel nor Spino has been served with the Complaint." By an order entered on October 3, 2005, this Court denied Leach's remand motion and dismissed Spino from this action after finding that she had been fraudulently joined to defeat diversity jurisdiction. *See* dkt no. 12.

Thereafter, on October 11, 2005, BB & T and McDaniel moved to dismiss McDaniel pursuant to Federal Rule of Civil Procedure 12(b), alleging that Leach, without good cause, had failed to effect service of process of her complaint on McDaniel within 120 days following the filing of the complaint in state court.[1] Leach has not responded to the defendants' motion to dismiss.

## II. STANDARD OF REVIEW

A motion to dismiss for insufficient service of process is permitted by Federal Rule of Civil Procedure 12(b)(5). With regard to the defendant's motion, the Court must first determine whether Leach has shown good cause for her failure to timely serve McDaniel. Even if the Court determines that the good cause qualification has not been met, it then must also determine whether McDaniel waived any claim of insufficiency of service of process.

West Virginia Rule of Civil Procedure 4 governs the question of effective service raised in this case because the deputy clerk for the Marion County Circuit Court issued the summons prior to the removal of this action by the defendants. Rule 4(d)(1) provides that service can be effected by:

(A) Delivering a copy of the summons and compliant to the individual personally; or (B) Delivering a copy of the summons and complaint at the individual's dwelling place or usual place of abode to a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purport of the summons and compliant; or (C) Delivering a copy of the summons and complaint to an agent or attorney-in-fact authorized by appointment or statute to receive or accept service of the summons and complaint in the individual's behalf; or (D)The clerk sending a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee; or (E) the clerk sending a copy of the summons and complaint by first class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment confirming substantially to Form 14 and a return envelope, postage prepaid, addressed to the clerk.

W.Va. R. Civ. P. 4(d). Furthermore, Rule 4(k) states: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be perfected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." W.Va. R. Civ. P. 4(k).

A plaintiff whose claim is subject to dismissal for failure to timely serve has two options to avoid dismissal: (1) to timely show good cause for not having effected service of summons and complaint; or (2) to refile the claim before any time defenses arise and timely effect service under a new complaint. *State of West Virginia ex rel. Charleston Area Medical Center, Inc., v. Kaufman,* 197 W.Va. 282, 287–88, 475 S.E.2d 374 (1996). The showing of good cause must be substantial and not just a ruse. *Id.*[2]

---

1. The defendants concede that Leach properly served BB & T with process on or about June 6, 2005 through the Secretary of State in West Virginia.

2. Even if the Court were to apply the Federal Rules of Civil Procedure to the issue of effective service of process, Federal Rule of Civil Procedure 4(m) sets forth the same 120–day time period in which to serve a defendant with process after the filing of the complaint as the West Virginia rule. In *Mendez v. Elliot,* 45 F.3d 75, 78–79 (4th Cir.1995), the Fourth Circuit Court of Appeals held that if a plaintiff is not diligent and fails to serve the complaint within 120 days, or such further time period as ordered by the court for good cause, the case shall be dismissed without prejudice. The "without prejudice" condition permits a plaintiff to refile the claim as if it had never been filed, but is not without the consequences of time defenses. *Id.* The *Mendez*

Federal Rule of Civil Procedure 12(b) and its accompanying federal case law apply to the issue of waiver of the defense of ineffective service of process because BB & T and McDaniel filed their motion to dismiss pursuant to Rule 12(b) after the case had been removed to federal court. Under Federal Rule of Civil Procedure 12(h), however, a defendant raising the defense of service of process must do so in the party's first responsive pleading or by motion before the first responsive pleading. Rule 12(h)(1)(B) states: "A defense of ... insufficiency of service of process is waived ... (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." Fed. R.Civ.P. 12(h)(1)(B). Effectuation of service is a precondition to a lawsuit, while waiver of insufficient service is the forfeiture of defense to that service. *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275–76 (10th Cir. 1998). By failing to raise the defense of insufficient service of process either in a pre-answer motion, or, if no such motion is made, then in an answer, a defendant waives that defense and submits to the personal jurisdiction of the court unless, at the time of service of the answer, the defendant did not know the defense was available. *Pusey v. Dallas Corporation*, 938 F.2d 498, 501 (4th Cir. 1991).

### III.  ANALYSIS

The Court must first determine if Leach has good cause for failing to serve McDaniel with a copy of the summons and complaint within 120 days of filing her complaint, as provided by the West Virginia Rules of Civil Procedure. The Court must also determine whether, pursuant to Federal Rule of Civil Procedure 12(h), McDaniel has waived the defense of insufficient service of process through his prior actions in this matter.

### A.  Effectuation of Service

The defendants contend that Leach has failed to properly perfect service on McDan-

iel, and, therefore, all claims against him should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(5). Leach has not attacked the proposed dismissal; thus the record is devoid of any explanation by Leach for untimely service on McDaniel.

In *State v. Kaufman*, 475 S.E.2d at 380, the West Virginia Supreme Court of Appeals adopted several factors to be considered for good cause when determining whether to dismiss an action for lack of service after the expiration of the limitations period. These factors, which were first recognized by the Supreme Court of Illinois in *North Cicero Dodge, Inc. v. Victoria Feed Co.*, 151 Ill.App.3d 860, 105 Ill.Dec. 28, 503 N.E.2d 868, 870 (3d Dist.1987), include: (1) the length of time used to obtain service; (2) the activities of the plaintiff; (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's location could have been ascertained; (5) the actual knowledge by the defendant of the pendency of the action; and (6) special circumstances which would affect plaintiff's efforts. *Id.* Application of these factors to the case at bar makes it obvious that good cause does not exist.

Leach filed her complaint in the Circuit Court of Marion County on or about May 26, 2005; consequently, she had until approximately September 17, 2005 to perfect service on the defendants. The original summons clearly demonstrates that Leach was not aware of McDaniel's South Dakota residence at the time she filed her complaint. She later received notice of McDaniel's correct address, however, when the defendants filed their notice of removal stating McDaniel was a resident of South Dakota, and providing a specific mailing address for him there. Leach, therefore, was able to easily ascertain the correct address at which to serve McDaniel with process in this action. Although she had 92 days in which to do so after receiving the notice of removal, she never perfected service of process on McDaniel.

Court also recognized that a court may extend the time for service where the failure to act was the result of excusable neglect, but only if the

court finds good cause for such an extension. *Id.*

McDaniel, on the other hand, clearly knew of the pendency of this litigation because he joined in the notice of removal and provided affidavits to support pleadings filed by BB & T in this action. On at least two occasions, however, McDaniel's attorney stated that McDaniel had never been properly served with the summons and complaint in this action. Leach first received notice of her insufficient service of process on July 8, 2005, in BB & T's amended answer, which specifically stated that an answer would not be filed on McDaniel's behalf until after he had been properly served, and that McDaniel did not intend to waive his right to be properly served. Then, on August 5, 2005, in BB & T's response opposing her motion to remand, McDaniel's attorney notified Leach a second time of the insufficient service of process on McDaniel. That response stated that McDaniel had not been served with a copy of the summons and complaint.

■ Significantly, Leach has never asserted that she properly served McDaniel or that he had waived his right to service of process. Moreover, it is uncontested that she never properly perfected service, despite having notice and sufficient time to do so. Under the holding in *Kaufman,* such inadvertence or neglect does not constitute good cause. *Id.* at 381.

■ In the absence of a showing of good cause by the plaintiff, a court in its discretion may extend the time for service where the defendant has evaded service or has knowingly concealed a defect in service. *Burkes v. Fas–Chek Food Mart Inc.,* 217 W.Va. 291, 617 S.E.2d 838, 844–845 (2005). In extending the time period for service, the court may also consider whether the statute of limitations has expired and whether the defendant has been prejudiced by the plaintiff's failure to serve. *Id.*

Here, no special circumstances have affected Leach's ability to properly serve McDaniel with process. She has counsel, who is required and is able to act in compliance with the 120–day requirement in West Virginia Rule of Civil Procedure 4(k). Furthermore, there is no evidence to suggest that McDaniel evaded service or concealed a defect in service. In point of fact, he put Leach on notice of his South Dakota residence and that he had not been served with process in this action. Despite notice, Leach failed to respond and perfect service in a timely manner, and also failed to provide an adequate justification on which the Court could base an extension of the 120–day service of process requirement. Because she has not shown good cause for her failure to properly serve McDaniel with process, the Court finds that Leach did not comply with West Virginia Rule of Civil Procedure 4(k) and that her claims against McDaniel should be dismissed.

### B. Waiver of Defense of Insufficient Service of Process

Despite the absence of good cause, McDaniel's motion to dismiss could be defeated by a finding that he waived the defense of insufficient service of process through his prior actions in this litigation. The remaining issue, therefore, is whether McDaniel waived the defense of insufficient service of process pursuant to Federal Rule of Civil Procedure 12(h).

As noted earlier, Rule 12(h) requires the defense of insufficient service of process to be raised in a party's first responsive pleading or by motion before the responsive pleading. *United States v. 51 Pieces of Real Property Roswell, N.M.,* 17 F.3d 1306, 1314 (10th Cir.1994). Recently, in *Kiro v. Moore,* 229 F.R.D. 228 (D.N.M.2005),the district court of New Mexico was presented with facts similar to those at issue here and considered whether a party waives his right to service of process when an attorney enters an appearance on his behalf. In *Kiro,* a law firm, Eaton & Krehbiel ("Eaton"), removed the case from state court on behalf of all defendants without any express statement that the notice of removal was limited only to the defendants who had received service of process. *Id.* at 229. After approximately eighteen months had passed following removal, two defendants still had not been served with process. Eaton, therefore, filed a motion to dismiss under Rule 12(b)(5). *Id.* at 230. The plaintiff responded that, by entering an appearance on behalf of all defendants, Eaton had waived service for the unserved defendants. *Id.*

██ The court found that the plain language of Federal Rule of Civil Procedure 12(h), stating that the lack of service of process must be raised before the party's first responsive pleading, did not support the plaintiff's interpretation. *Id.* at 231. It then held that a party does not waive his right to service of process whenever an attorney appears on his behalf, *id.*, and further held that a removing party does not waive objection to mode of service of process solely by removing a case to federal court. *Id.* at 232; *see also Wabash Western Railway v. Brow,* 164 U.S. 271, 17 S.Ct. 126, 41 L.Ed. 431 (1896); *Goldey v. Morning News,* 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517 (1895). Under the holding in *Kiro,* therefore, a defendant such as McDaniel would not waive service by joining in the notice of removal his attorney filed on behalf of all the defendants in the case.

Significantly, however, the defendants in *Kiro* had not filed any other responsive pleading in the lawsuit, while here, following removal, McDaniel's attorney filed an answer on behalf of all the defendants without asserting the defense of insufficient service of process on behalf of McDaniel. Nonetheless, apparently recognizing his error, on July 8, 2005, McDaniel's attorney filed an amended answer explicitly stating that such answer was being filed only on behalf of defendant BB & T. The amended answer also withdrew the previously filed answer on behalf of all other defendants. Footnote one of the amended answer, moreover, stated that no answer would be filed on behalf of McDaniel until he had been properly served, and that he had not waived his right to be properly served.

As a matter of course, Federal Rule of Civil Procedure 15(a) allows a party to amend a pleading to which no response is required within 20 days after it is served. McDaniel's use of the amendment process to preclude waiver of his defense of insufficient service of process, therefore, was permissible. The amendment process is contemplated by Federal Rule of Civil Procedure 12(h)(1)(A), which states that the defense of insufficiency of service of process is waived if it is neither made by motion under this rule nor included in a responsive pleading *or an amendment* thereof permitted by Rule 15(a) as a matter of course.

██ Service of process obviously is not something that should be abused by a defendant to evade a lawsuit. McDaniel attempted to use Rule 15 to strike his initial answer in an effort to withdraw any earlier responsive pleading. Nevertheless, because Rule 15(a) permits amendments to the initial answer to assert the defense of insufficient service of process, the Court will recognize McDaniel's amended answer as asserting an affirmative defense of insufficient service of process. That amended answer, therefore, prevents a waiver of the defense of insufficient service of process by McDaniel under Rule 12(h).

## IV. CONCLUSION

Service of process is a jurisdictional requirement that must be pursued in good faith by the plaintiff. Once Leach became aware of the insufficiency of service on McDaniel through defendants' representations in the amended answer, she failed to act in response to such notice and allowed more than two months to pass without properly serving him. Moreover, because McDaniel did not waive his right to service of process, Leach is required to comply with West Virginia Rule of Civil Procedure 4 to maintain her claims against him. Therefore, for the reasons stated above, the Court finds no good cause exists for Leach's failure to properly serve McDaniel and **GRANTS** defendants' motion to dismiss McDaniel (dkt no. 14). It **ORDERS** that the defendant, Brian McDaniel, is **DISMISSED WITHOUT PREJUDICE**, from this action.

The Clerk is directed to transmit copies of this Order to counsel of record.