**Alfred J. VINCENT, M.D., Plaintiff,**

v.

**REYNOLDS MEMORIAL HOSPITAL, INC., Andrew J. Barger, Kenneth J. Allen, Norman E. Wood, John T. Madden, Jeremy C. McCamic, Stanley E. Preiser and Ronald B. Johnson, Defendants.**

**Civ. A. No. 90–73–W.**

United States District Court,
N.D. West Virginia,
Wheeling Division.

April 9, 1992.

Alfred J. Vincent, pro se.

Robert P. Fitzsimmons, Wheeling, W.Va., Michael J. Farrell, Huntington, W.Va., for defendants.

## ORDER

MAXWELL, Chief Judge.

On October 22, 1991 the Court entered an order directing the plaintiff to show cause within twenty (20) days why service of process as required by Rule 4, Federal Rules of Civil Procedure, had not been made in the above-styled civil action. The plaintiff was advised that failure to show good cause within the time required would result in the dismissal of this civil action without prejudice.

On November 12, 1991 the plaintiff filed his Response to Order Entered October 22, 1991; however, due to the style and civil action number printed on that response by the plaintiff, the response was filed in *Reynolds v. Vincent,* Civil Action 91–131–W, a companion matter now pending on the Court's Wheeling docket. In order to ensure the completeness of the record in these civil actions, the Clerk of Court is directed to file an authenticated copy of the response docketed at paper number 25 in Civil Action No. 91–131–W in this civil action as well and the same shall be considered a timely response for purposes of the issues raised and suggested herein.

Accordingly, in response to the Court's order that the plaintiff show cause why service upon the named defendants in this civil action had not been made as required by the Federal Rules of Civil Procedure, the *pro se* plaintiff urges that his failure to effect service upon the named defendants was occasioned by the plaintiff's understanding "that the merits of this action can not be determined until prior filed actions are resolved and the later filed removed

Civil Action 91–0131 similarly is resolved." The plaintiff also notes that the above-styled civil action "was filed on the eve of the 10 year expiration of the statute of limitations for breach of contract...."

Rule 4(j) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action *shall be dismissed* as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

(Emphasis supplied.) Thus, Congress has drafted the rule so that dismissal is mandatory where a plaintiff has failed to effect service within 120 days and is unable to show good cause for the delay. *See* 1982 U.S.Code Cong. & Admin. News 4434, 4441. The Court may enlarge the time period by exercising its discretion under Rule 6(b), Federal Rules of Civil Procedure, where such a request is timely made or in those cases in which the plaintiff has successfully demonstrated good cause for the delay in service. In light of the mandate of Rule 4 the good cause shown must be substantial; otherwise, the mandatory language of the rule would have little force or effect and the good cause exception would swallow the rule.

Cases decided on the issue [1] reveal that the plaintiff must have taken some affirmative action to effectuate service of process upon the defendant or have been prohibited, through no fault of his own, from taking such an affirmative action. Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been waived as insufficient to show good cause. Moreover, intentional nonservice in order to delay the development of a civil action or to allow time for additional information to

---

1. *See e.g.,* 28 *Federal Procedure,* L.Ed. § 65:46.3   (Supp.1991).

be gathered prior to "activating" the lawsuit has been held to fall short of the good cause showing required for noncompliance with Rule 4(j). *See e.g., Gitz v. St. Tammany Parish Hospital,* 125 F.R.D. 138 (E.D.La.1989); *Salow v. Circus–Circus Hotels, Inc.,* 108 F.R.D. 394 (D.Nev.1985).

In the instant case the plaintiff likewise has indicated that the noncompliance with the service requirements of Rule 4 was intentional, in order that other pending cases between these parties could be developed toward resolution.

Accordingly, the Court finds that the plaintiff has failed to show any good cause for the noncompliance with the requirements of Rule 4 and the above-styled civil action must be dismissed without prejudice.

As the United States Court of Appeals for the Seventh Circuit has aptly observed, " 'without prejudice' does not mean 'without consequence.' " *Powell v. Starwalt,* 866 F.2d 964, 966 (7th Cir.1989). As earlier noted, the plaintiff in this case has indicated that the above-styled civil action was filed just prior to the running of an apparently applicable statute of limitations. If this is so, and the Court expresses no opinion upon that question, it may be that one of the consequences of the dismissal without prejudice mandated by Rule 4(j), Federal Rules of Civil Procedure, in a case such as this would be adverse to the plaintiff: a subsequently filed civil action must also be governed by the applicable statute of limitations. While the Court is mindful that, in the plaintiff's view of the law, various of his claims in the underlying complaint may be time-barred, that determination is not made by the Court and consideration of that eventuality does not factor into the application of the requirements of Rule 4(j) to this matter. *See e.g., Delicata v. Bowen,* 116 F.R.D. 564, 566–67 (S.D.N.Y. 1987).

Accordingly, the above-styled civil action is DISMISSED without prejudice.