475 S.E.2d 374

STATE of West Virginia ex rel. CHARLESTON AREA MEDICAL CEN-TER, INC., Petitioner,

v.

Honorable Tod J. KAUFMAN, Judge of the Circuit Court of Kanawha County, and Christine Thomas, Respondents.

No. 23342.

Supreme Court of Appeals of West Virginia.

Submitted April 23, 1996.

Decided July 5, 1996.

Robert L. Brandfass, Crystal S. Stump, Kay, Casto, Chaney, Love & Wise, Charleston, for Petitioner.

David Skeen, South Charleston, for Respondent Christine J. Thomas.

ALBRIGHT, Justice:

In this original proceeding in prohibition, petitioner, Charleston Area Medical Center, Inc., (CAMC) seeks to prohibit respondent, the Honorable Tod Kaufman, Judge of the Circuit Court of Kanawha County, from any further proceedings in Civil Action No. 94–C–350, filed March 1, 1994, in that court, for the reason that such action, having been previously dismissed pursuant to Rule 4(*l*) of the West Virginia Rules of Civil Procedure, was improperly reinstated on the docket of the court by respondent. We conclude that the writ should be granted, as moulded herein.

The events giving rise to Civil Action No. 94–C–350 are alleged to have commenced on February 29, 1992.[1] Respondent Christine Thomas presented herself at the emergency room of CAMC's Women and Children's Hospital for diagnosis of abdominal pain. She contends, in her response to this Court, that the emergency room staff knew and confirmed she was pregnant. Ms. Thomas was misdiagnosed as suffering from a urinary tract infection instead of an ectopic pregnancy. She subsequently suffered a rupture of the fallopian tube and abdominal hemorrhage and was treated for those conditions by her obstetrician. She instituted the underlying action, alleging medical professional liability against the petitioner here and the other parties originally named in the action.

Ms. Thomas filed her complaint in the underlying action on March 1, 1994. Rule 4(*l*) of the West Virginia Rules of Civil Procedure provides that if service of a summons and a copy of the complaint is not made on a defendant within 180 days after the filing of the complaint, the action shall be dismissed as to that defendant. The full text of the applicable rule reads as follows:

---

1. Civil Action No. 94–C–350 is captioned as *Christine J. Thomas v. Diane Reynolds, M.D., Emergency Management Services, and Charleston Area Medical Center, Inc.* In September, 1994,

Ms. Thomas settled with Dr. Reynolds and Emergency Management Services. Those parties have been released from this action.

*Summons: Time limit for service.*—If service of the summons and complaint is not made upon a defendant within 180 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

The 180 days provided for in the rule to serve the summons and complaint expired in Ms. Thomas's case on August 29, 1994. Ms. Thomas not only failed to serve CAMC within that time but apparently failed even to attempt service within the time allowed.

On January 18, 1995, the Clerk of the Circuit Court of Kanawha County served a notice of failure to make service within 180 days upon Ms. Thomas's counsel. The notice advised that plaintiff must within ten days present a motion to extend the time for service and demonstrate good cause to the court below why such service was not made within the required time period and that failure to respond would result in dismissal of the case. Ms. Thomas made no timely response to the notice.

On February 1, 1995, the court, by order of the respondent judge, dismissed Civil Action No. 94–C–350, finding in the order that Ms. Thomas, after notice, failed to present a motion or demonstrate good cause why such service was not made within the 180 day period, stating:

> The record in this case indicates that the Plaintiff has not obtained service upon the Defendant(s) Diana Reynolds, et al. within 180 days. The Plaintiff after notice, has not presented a motion or demonstrated good cause why such service was not made within this period, pursuant to Rule 4(*l*) of the Rules of Civil Procedure.

As of that date, 337 days had passed since the filing of the complaint and issuance of the summons. The hospital still had not been served.

On the same date, February 1, 1995, Ms. Thomas's counsel requested that the circuit clerk reissue a summons for service on CAMC. Apparently her counsel learned of the dismissal order at that time. The next day, February 2, 1995, Ms. Thomas moved the court to reinstate the case on its docket. In that motion, Ms. Thomas's counsel relied on Rule 41(b) of the West Virginia Rules of Civil Procedure[2] and alleged that "communications and discussions between counsel for the parties have been ongoing and were continuing at the time the case was dismissed and the plaintiff still desires to pursue this matter against the defendant, Charleston Area Medical Center, Inc." Ms. Thomas represented that settlement had been reached with two other defendants but not with CAMC. With respect to "communications and discussions between counsel for the parties" that were "ongoing and were continuing at the time the case was dismissed", the record before us discloses only that at some unspecified time settlement had been achieved as between Ms. Thomas and two defendants not involved in the case *sub judice* and that by letter to Ms. Thomas's counsel, dated December 20, 1994, CAMC, while aware of the settlements with the other defendants, rejected an oral offer of counsel to settle the Thomas claim against CAMC and declined to make a counter offer.[3]

Upon the filing of the Thomas motion, the circuit court forthwith entered an order reinstating the case, reciting the representations of counsel regarding settlement efforts, the fact that settlement had been reached with other defendants, and the lack of settlement with CAMC. The order does not contain an express finding of good cause for the delay in

---

**2.** Rule 41(b) of the West Virginia Rules of Civil Procedure states, in pertinent part:

> Any court in which is pending an action wherein for more than one year there has been no order or proceeding, . . . may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontinued. The court may direct that such order be published in such newspaper as the court may

name. The court may, on motion, reinstate on its trial docket any action dismissed under this rule. . . .

**3.** Briefs filed in the matter represent what the settlement dates were and what transpired after that date, but the record here does not confirm that information.

service but states the opinion of the court that the motion to reinstate ought to be granted after consideration of the representations of counsel.

On March 6, 1995, Ms. Thomas served CAMC with a summons and copy of the complaint by service on the Secretary of State, as attorney in fact for CAMC. Thus, service was finally effected 370 days after filing the complaint and over three years after the alleged cause of action arose.

On March 27, 1995, CAMC filed a motion to vacate the February 2, 1995 order and dismiss the action. After briefs were filed and a hearing held on the motion, the respondent judge entered an order on June 2, 1995, denying the motion and ordering that the matter remain on the active docket of the circuit court, "For Good Cause Shown". The court concluded, as a matter of law, that: "When, as here, in house corporate legal counsel is actively engaged in settlement negotiations with plaintiff's counsel, leading plaintiff's counsel to believe that a good faith settlement is being attempted, then the corporation is equitably estopped from seeking the dispositive benefits of Rule 4(*l*) to deny plaintiff his [sic] day in Court." The court then found that "the 180 day time period set forth in Rule 4(*l*) ... began to run on December 20, 1994, the date when settlement negotiations were terminated." The court's order expressed the opinion the constitutional principles of due process also motivated the decision to deny CAMC's motion.

Petitioner requests that this Court issue a writ of prohibition against any further proceedings in Civil Action No. 94–C–350 and order the action dismissed as improperly reinstated. Petitioner asserts that the respondent judge exceeded his authority in reinstating the underlying matter, that a case dismissed under Rule 4(*l*) cannot be reinstated under Rule 41(b), that the only relief for a plaintiff dismissed under Rule 4(*l*) is to refile plaintiff's action, that the reinstatement order was beyond the court's authority because it did not contain a finding of good cause, that the settlement negotiations, to the extent that such existed, cannot constitute good cause, that there is no authority for finding an equitable estoppel, either by reason of the alleged negotiations or the constitutional principles relied upon by the court below, and that, in any event, the cause shown for any reinstatement must be substantial good cause. Ms. Thomas contends that the actions of the respondent judge are within his discretion, that such discretion must be retained by circuit judges generally, and that adjudication of claims on their merits is to be preferred. Ms. Thomas also contends that the judge's order is permitted under Rule 60(b) of the West Virginia Rules of Civil Procedure. The respondent judge has also filed a response with this Court, furnishing to the Court copies of correspondence in which the parties and the court considered certifying the questions presented by this proceeding to this Court and reflecting the decision of the respondent judge not to do so, *sua sponte*, and the refusal of plaintiff's counsel to join in a certification on joint motion.

## AUTHORITY TO ISSUE WRIT

■ "The writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers." W.Va.Code § 53–1–1 (1923). This Court has said, " '[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. *W.Va.Code*, 53–1–1.' Syl. pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977)." Syl. pt. 3, *State ex rel. McDowell County Sheriff's Dept. v. Stephens*, 192 W.Va. 341, 452 S.E.2d 432 (1994).

## REINSTATEMENT UNDER AUTHORITY OF RULE 41(b)

■ We agree that an action dismissed pursuant to Rule 4(*l*) of the West Virginia Rules of Civil Procedure may not be reinstated under the authority of Rule 41(b) of the West Virginia Rules of Civil Procedure. The authority granted by Rule 41(b) is to reinstate "an action dismissed under *this* rule."

(Emphasis added.) In *State ex rel. McDowell County Sheriff's Dep't. v. Stephens,* 192 W.Va. 341, 452 S.E.2d 432 (1994), the circuit court dismissed a case pursuant to Rule 37 of the West Virginia Rules of Civil Procedure for failure to comply with discovery. After dismissal, plaintiffs filed a motion to reinstate the case pursuant to Rule 41(b); the circuit court subsequently granted their motion and reinstated the case. The defendant then filed a petition for a writ of prohibition, contending the reinstatement was improper. This Court agreed and granted the writ of prohibition, stating: "A careful reading of Rule 41(b) reveals that a 'court may, on motion, reinstate on its trial docket any action *dismissed under this rule* . . . .' (emphasis added)." 192 W.Va. at 343, 452 S.E.2d at 434. A dismissal under Rule 4(*l*), like a dismissal under Rule 37, cannot be cured under the authority of Rule 41(b). We hold that a circuit court exceeds its jurisdiction if it purports to reinstate a civil action, which was dismissed under the provisions of Rule 4(*l*) of the West Virginia Rules of Civil Procedure, under the authority of Rule 41(b), and prohibition will lie with respect to such an order.

## REMEDIES FOR FAILURE TO COMPLY WITH RULE 4(*l*)

A federal district court, speaking in reference to the parallel federal rule,[4] stated, "Congress has drafted the rule so that dismissal is mandatory where a plaintiff has failed to effect service within 120 days and is unable to show good cause for the delay." *Vincent v. Reynolds Memorial Hospital, Inc.,* 141 F.R.D. 436, 437 (N.D.W.Va.1992).

■ It has been suggested that an action may not be reinstated once it is it dismissed pursuant to Rule 4(*l*). According to that view, the remedy for the dismissal of a case pursuant to Rule 4(*l*) is to refile the complaint within the applicable statute of limitations. In *Mendez v. Elliot,* 45 F.3d 75 (4th Cir.1995), a federal district court had dismissed a case without prejudice under

Rule 4(m) of the Federal Rules of Civil Procedure because the plaintiff failed to serve any defendant within 120 days after the complaint was filed. The Fourth Circuit affirmed, stating:

Under [the rule], if a plaintiff is not diligent and fails to serve the complaint within 120 days or such further time period as ordered by the court for good cause, the case shall be dismissed without prejudice. The "without prejudice" *condition permits a plaintiff to refile the complaint as if it had never been filed.* [The rule] does not, however, give the appellant a right to refile without the consequence of time defenses, such as the statute of limitations.

*Id.* at 78 (emphasis added). *See Vincent v. Reynolds Memorial Hospital, Inc.,* 141 F.R.D. 436 (N.D.W.Va.1992).

In keeping with these views, we hold that dismissal under Rule 4(*l*) is mandatory in a case in which good cause for the lack of service is not shown and that a plaintiff whose case is subject to dismissal for noncompliance with Rule 4(*l*) has two options to avoid the consequence of the dismissal: (1) To timely show good cause for not having effected service of the summons and complaint, or (2) to refile the action before any time defenses arise and timely effect service under the new complaint.

■ We agree that the procedure set forth within the body of Rule 4(*l*), by which a plaintiff faced with dismissal under that rule should attack the proposed dismissal, is to respond before the entry of the order by showing of good cause why the dismissal should not be ordered. We also agree with the thrust of the opinion in *Vincent* that the showing of good cause must be substantial and not just a ruse. We are impressed with the analysis of the factors to be considered for good cause under an Illinois statute, having an effect similar to the effect of Rule 4(*l*) in this case and applicable to the dismissal of cases for lack of service after the expiration of a statute of limitations enunciated in *North Cicero Dodge, Inc. v. Victoria Feed*

---

**4.** Rule 4(m) of the Federal Rules of Civil Procedure is parallel to Rule 4(*l*) of the West Virginia Rules of Civil Procedure. The federal rule provides for 120 rather than 180 days to effect service. (Prior to the December, 1993 amendments, the analogous federal rule was subsection (j) of Rule 4.)

*Co.*, 151 Ill.App.3d 860, 863, 105 Ill.Dec. 28, 30, 503 N.E.2d 868, 870 (3d Dist.1987):

> The factors that a court will consider to determine whether the plaintiff has exercised reasonable diligence are: (1) the length of time used to obtain service; (2) the activities of the plaintiff; (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's location could have been ascertained; (5) the actual knowledge by the defendant of the pendency of the action; and (6) special circumstances which would affect the plaintiff's efforts. *Licka v. William A. Sales, Ltd.* (1st Dist., 1979), 70 Ill.App.3d 929, 27 Ill.Dec. 212, 388 N.E.2d 1261.

We note that, by and large, courts have not considered that ongoing settlement negotiations excuse compliance with Rule 4(*l*), *Mid–Continent Wood Products, Inc. v. Harris*, 936 F.2d 297 (7th Cir.1991); *Healthcare Compare Corp. v. Super Solutions Corp.*, 151 F.R.D. 114 (D.Minn.1993); *Leonard v. Stuart–James Co., Inc.*, 742 F.Supp. 653 (N.D.Ga.1990); though there is authority to the contrary, *Heiser v. Association of Apartment Owners of Polo Beach Club*, 848 F.Supp. 1482 (D.Hawai'i 1993), and *Assad v. Liberty Chevrolet, Inc.*, 124 F.R.D. 31 (D.R.I. 1989).

 With respect to the reasons stated by the respondent judge for reinstating the action in the case *sub judice*, we can find no authority whatever for the proposition that settlement negotiations equitably estopped any party from asserting rights under Rule 4(*l*) or that constitutional principles of due process should bar the rule's application in a proper case. The best that can be said is that settlement negotiations might tend to show that petitioner here was likely well aware of the pendency of the underlying civil action and that the settlement negotiations with other defendants, along with other suitable factors or special circumstances, explain why service of the summons and complaint upon petitioner, for good cause, was delayed.

We do note that the respondent judge did not rely on Rule 41(b) in making his rulings, either in the *ex parte* order of February 2, 1995, or the order denying petitioner's motion to vacate that order, entered June 2, 1995. We perceive that, in each order, the recitals constitute what the respondent judge considered to be good cause for their entry. Accordingly, we must inquire whether the orders, even if erroneous in their findings and conclusions, were made within the purview of authority granted by our rules of procedure.

 Rule 59(e) of the West Virginia Rules of Civil Procedure provides for a motion to amend or alter a judgment to be served not later than ten days after the entry of the order sought to be amended or altered. We have said that a motion to "reconsider", "vacate", "set aside" or "reargue" is a Rule 59(e) motion if filed within ten days of the entry of the order it addresses, regardless of how denominated, and that such a motion not filed within ten days is a Rule 60(b) motion. *Lieving v. Hadley*, 188 W.Va. 197, 423 S.E.2d 600 (1992). Ms. Thomas's motion for relief from the order dismissing her action against CAMC amounts to a motion to reconsider, vacate, and set aside the order of dismissal. The use of a motion under Rule 59(e) or Rule 60(b) to test the dismissal of an action for non-compliance with discovery requests under Rule 37 has been explicitly approved by this Court:

> A party whose case is dismissed under Rule 37 of the *West Virginia Rules of Civil Procedure* may appeal the dismissal order, pursuant to *W.Va.Code*, 58–5–4 [1990] and *West Virginia Rules of Appellate Procedure* 3. In lieu of an appeal, the party may file a motion to alter or amend the judgment no later than ten days after the judgment is entered, pursuant to Rule 59(e) of the *West Virginia Rules of Civil Procedure*. If such motion is not timely filed, a party, under appropriate circumstances, may seek relief from a final judgment, order or proceeding for the reasons set forth in Rule 60(b) of the *West Virginia Rules of Civil Procedure*.

Syllabus point 2, *State ex rel. McDowell County Sheriff's Department v. Stephens*, 192 W.Va. 341, 452 S.E.2d 432 (1994).

Rule 60(b) of the Federal Rules of Civil Procedure, closely paralleling our Rule 60(b), was used in *Tate v. Lau*, 865 F.Supp. 681

(D.Nev.1994), to bring on a motion to set aside a dismissal under Rule 4(m), the provision of the federal rules which is parallel to Rule 4(*l*) of the West Virginia Rules of Civil Procedure. The court in *Tate* noted that mere inadvertence would not amount to good cause and denied the motion.

▆ Considering our prior holdings on the office of a motion under Rule 59(e), or one filed after the ten day period provided in that rule, as a motion under Rule 60(b), we hold that, under the West Virginia Rules of Civil Procedure, relief from dismissal under Rule 4(*l*) may be sought under Rule 59(e) and under Rule 60(b), subject to the respective requirements of the applicable rule and subject in all events to the showing of good cause required by Rule 4(*l*).

Counsel for plaintiff in the underlying action should not be misled by the concern for fairness to all litigants evidenced by our holding today. While our holding permits relief to be given to Ms. Thomas upon a showing of good cause and entitlement to relief under Rule 60(b), we emphasize that petitioner is entitled to dismissal unless both good cause and compliance with Rule 60(b) are shown. Rule 60(b) imposes a heavy burden on the movant:

> (b) *Mistakes; inadvertence; excusable neglect; unavoidable cause; newly discovered evidence; fraud, etc.*—On motion *and upon such terms as are just,* the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6)

> *any other reason justifying relief from the operation of the judgment . . . .*

W.Va.R.Civ.Proc. 60(b) (emphasis added).

▆ We agree with the Court in *Vincent,* that mere inadvertence, neglect, misunderstanding, or ignorance *of the rule* or its burden do not constitute good cause under Rule 4(*l*). *Vincent v. Reynolds Memorial Hosp., Inc., supra.* Such factors as surprise, unavoidable cause, or other reason justifying relief under Rule 60(b), rising to the level of good cause, are required. We note specifically that the fact that the statute of limitations has run is not a ground for good cause. As the *Mendez* court said, " 'without prejudice' does not mean 'without consequence' " of time defense. 45 F.3d at 78 (citing *Powell. v. Starwalt,* 866 F.2d 964, 966 (7th Cir.1989)). Although our action today permits relief from an order imposing the sanction of Rule 4(*l*) in a case in which the statute of limitations apparently has run, that circumstance is not good cause, or any part of good cause, under Rule 4(*l*).

We do note that the underlying civil action did not simply languish after its filing, that settlements were reached with two defendants, and that the record does not disclose the terms of those settlements and how they might have affected the delay in service. The record is devoid of an explanation for untimely service on CAMC. We note that further delay occurred as a result of the effort to get questions certified to this Court and that CAMC appears to assert a defense that all liability is derivative of the settling defendants. We cannot fairly adjudicate the question of good cause; we simply do not have before us a record which allows the consideration of all the circumstances in the case and cannot say whether those circumstances do or do not, in sum, constitute good cause. We conclude that plaintiff below ought to have an opportunity to adduce what cause she can, if any, before the trial court. We commend to the trial court the analysis suggested in *North Cicero Dodge, Inc. v. Victoria Feed Co., supra.* However, in the absence of a showing of good cause and the satisfaction of the requirements of Rule 60(b), the respondent judge should deny relief from the order of dismissal.

Accordingly, a writ of prohibition is awarded prohibiting further proceedings in Civil Action No. 94–C–350, unless the plaintiff in such action is properly found to have shown good cause under Rule 4(*l*) why the action should not be dismissed and has satisfied the requirements of Rule 60(b), all as determined under findings of fact and conclusions of law made within the lawful discretion of the respondent judge in conformity with this opinion and the other requirements of law. A hearing should be had and decision on the issues rendered promptly after this order is effective.

Writ granted as moulded.