517 S.E.2d 469

STATE of West Virginia ex rel. CAMDEN–CLARK MEMORIAL HOSPITAL, a Municipal Corporation, Petitioner,

v.

Honorable George W. HILL, Judge of the Circuit Court of Wood County, and William Dempster, Respondents.

No. 25892.

Supreme Court of Appeals of West Virginia.

Submitted June 1, 1999.

Decided June 17, 1999.

---

Jennifer Z. Cain, Esquire, Jackson & Kelly, Parkersburg, West Virginia, Thomas J. Hurney, Esquire, Jackson & Kelly, Charleston, West Virginia, Attorneys for Petitioner.

William L. Jacobs, Esquire, Parkersburg, West Virginia, Attorney for Respondent Dempster.

PER CURIAM:

In this original proceeding in prohibition, the relator, Camden–Clark Memorial Hospital, claims that it was not timely served with a summons and a copy of the complaint instituting a personal injury action in the Circuit Court of Wood County. The relator claims that the defect in service entitles it to a dismissal, and it prays that this Court issue a writ of prohibition prohibiting the respondent judge, who has refused to dismiss the action, from proceeding further with it.

## I.

### Facts

On February 13, 1998, William Dempster, one of the respondents in this proceeding, filed a complaint instituting a personal injury action in the Circuit Court of Wood County styled "William Dempster v. Camden–Clark Memorial Hospital, Civil Action No. 98–C–72." In the complaint, Mr. Dempster alleged that he had been negligently injured on February 13, 1996, when he was dropped to the floor by the staff of Camden–Clark Memorial Hospital.

Although the complaint was timely filed, Mr. Dempster failed to serve a copy of it and a summons upon Camden–Clark Memorial Hospital within the time required by the West Virginia Rules of Civil Procedure, and,

as a consequence, the circuit court, acting *sua sponte*, on October 9, 1998, filed a notice of dismissal.[1] The notice stated that the action would be dismissed unless Mr. Dempster, within 20 days from the date of the notice, demonstrated good cause for the delay in serving Camden–Clark Memorial Hospital.

Mr. Dempster did not respond to the court's notice of dismissal. Instead, on October 28, 1998, he filed an amended complaint which was substantially identical to the original complaint. A copy of the amended complaint, as well as a copy of the summons issued upon it, were served upon Camden–Clark Memorial Hospital on August 30, 1998, 259 days after the original complaint had been filed, and after the period of the statute of limitations in the case had expired.

Subsequent to the filing of the amended complaint, Camden–Clark Memorial Hospital moved that the court proceed with the dismissal of the action. It took the position that Mr. Dempster had failed to show good cause for failing to make timely service in the case. It also claimed that Mr. Dempster was barred from reviving the action by amending his original complaint since the period established by the statute of limitations on the action had expired.

After receiving Camden–Clark's motion, the Circuit Court of Wood County scheduled a hearing for December 11, 1998. At that hearing, the respondent judge denied the motion to dismiss. In so doing, the court simply stated: "It appearing to the Court proper so to do, the Court denies said Motion and refuses to dismiss this action, to which action the Defendant, by counsel, objects."

Subsequently, on February 19, 1999, the court issued formal findings of fact and conclusions of law. In the findings of fact and conclusions of law, the court recognized that a notice of dismissal had been entered by the court on October 9, 1998, and that that notice had required Mr. Dempster to show good cause within 20 days why the complaint had not been timely served upon Camden–Clark

Memorial Hospital. The court also found that in response to the notice of dismissal, Mr. Dempster filed an amended complaint on October 28, 1998. The Court specifically found that the amended complaint, which was in all substantial respects identical to the original complaint, had been served upon the relator 21 days after the notice of dismissal was entered. However, the court went on to state: "It would be prejudicial to the plaintiff to dismiss the case, as the defendant was served with the Amended Complaint only twenty-one days after the Notice of Dismissal was filed."

In the present proceeding, Camden–Clark Memorial Hospital claims that the trial court erred in denying its motion to dismiss. It, therefore, prays that this Court issue a writ of prohibition prohibiting the respondent Judge from proceeding further in the action.

## II.

### *Standard for Granting a Writ of Prohibition*

■ In *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979), this Court examined when a writ of prohibition should issue where a trial court was not acting in excess of its jurisdiction. In Syllabus Point 1 of that case, the Court concluded:

In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

---

1. As will hereafter be discussed, at the time the complaint was filed, Rule 4 of the West Virginia Rules of Civil Procedure required that a summons and a copy of the complaint be served upon Camden–Clark Memorial Hospital within 180 days after the complaint was filed. That Rule has since been modified to require the service within 120 days.

### III.

#### Discussion

As has previously been stated, the complaint instituting the civil action which is in issue in the present prohibition proceeding was filed in the Circuit Court of Wood County on February 13, 1998. At that time, Rule 4(*l*) of the West Virginia Rules of Civil Procedure required a party instituting an action to serve a summons and a copy of the complaint upon the defendant within 180 days after the action had been instituted. The Rule also specifically provided:

> If service of the summons and complaint is not made upon a defendant within 180 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the Action shall be dismissed as to that defendant without prejudice but on the court's own initiative with notice to such party or upon motion.[2]

■ In *State ex rel. Charleston Area Medical Center v. Kaufman*, 197 W.Va. 282, 475 S.E.2d 374 (1996), this Court examined the requirements of this Rule and concluded in Syllabus Point 3 that:

> Dismissal under Rule 4(*l*) of the West Virginia Rules of Civil Procedure is mandatory in a case in which good cause for the lack of service is not shown, and a plaintiff whose case is subject to dismissal for noncompliance with Rule 4(*l*) has two options to avoid the consequences of the dismissal: (1) To timely show good cause for not having effected service of the summons and complaint, or (2) to refile the action before any time defenses arise and timely effect [sic] service under the new complaint.

The Court further noted that the showing of good cause to avoid dismissal must be substantial and not just a ruse.

■ In the present case, from the documents filed with this Court, it does not appear that the respondent William Dempster showed any cause whatsoever for not effecting timely service of a summons and the complaint in his action against Camden–Clark Memorial Hospital. Further, although the circuit court stated: "It would be prejudicial to the plaintiff to dismiss the case, as the defendant was served with the Amended Complaint only twenty-one days after the Notice of Dismissal was filed," the court made no specific findings relating to good cause for the failure of Mr. Dempster to effect service of process within the time period required by Rule 4(*l*).

As indicated in *State ex rel. Charleston Area Medical Center v. Kaufman, id.*, Rule 4 of the West Virginia Rules of Civil Procedure makes dismissal mandatory where good cause had not been shown for timely effecting service. Clearly, in the present case, Mr. Dempster did not show good cause for his failure to make timely service, and the court's simply saying that dismissal would have a prejudicial effect upon him does not, in this Court's opinion, constitute an adequate showing of good cause to preclude dismissal of the case.

Although *State ex rel. Charleston Area Medical Center v. Kaufman, id.*, indicates that dismissal may also be avoided by the refiling of an action and by proper timely service, that case clearly states the refiling must be completed, and the timely service must be accomplished, before any time defenses arise to the action. In the present proceeding, Mr. Dempster did file an amended complaint. However, that refiling was accomplished more than two years after his

---

**2.** Rule 4 of the West Virginia Rules of Civil Procedure was amended effective April 6, 1998, after the institution of the action in the present case. Rule 4(k), the new provision, provides:

> (k) *Time limit for service.*—If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effective

within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Although this Rule provides 120 days for service upon a defendant, instead of the 180 provided by the old Rule (*l*), the amended version would not, if it applied, eliminate the problem in the present case since Camden–Clark Memorial Hospital was not served even within 180 days.

cause of action arose, that is, after the action was time-barred under West Virginia Statute of Limitations, W. Va.Code 55–7B–4.

Given the holding in *State ex rel. Charleston Area Medical Center v. Kaufman, id.*, and the facts of the present case, this Court believes that the circuit court had a mandatory duty to dismiss Mr. Dempster's action. The Court also believes that Camden–Clark memorial Hospital had a clear legal right to that dismissal and that the other factors required for the issuance of a writ of prohibition by Syllabus Point 1 of *Hinkle v. Black, supra*, are present. As a consequence, the Court concludes that Camden–Clark Memorial Hospital is entitled to the writ of prohibition which it seeks.

A writ of prohibition is, therefore, issued prohibiting the respondent judge of the circuit court from proceeding further in the action of William Dempster v. Camden–Clark Memorial Hospital, Civil Action No. 98–C–72, now pending in the Circuit Court of Wood County.

Writ issued.

Justice McGRAW dissents.