538 S.E.2d 710

**STATE of West Virginia ex rel. Brenda BOLDEN, Petitioner,**

v.

**Honorable David M. PANCAKE, Judge of the Circuit Court of Cabell County, and Charlotte Triplett, individually and as next friend of Darrell Ray Triplett, a minor, Respondents.**

No. 27439.

Supreme Court of Appeals of West Virginia.

Submitted April 11, 2000.

Decided June 8, 2000.

Kara L. Cunningham, Esq., Ancil G. Ramey, Esq., Teresa A. Lewis, Esq., Steptoe & Johnson, Charleston, West Virginia, Attorneys for Petitioner.

Donald R. Jarrell, Esq., Law Office of Donald R. Jarrell, Wayne, West Virginia, Attorney for Respondents Charlotte and Darrell Triplett.

PER CURIAM:

The petitioner, Brenda Bolden ("Bolden"), has petitioned this Court for a writ of prohibition seeking to prohibit any further proceedings in Civil Action No. 99–C–144, currently pending in the Circuit Court of Cabell County. Bolden argues that the circuit court should have dismissed the action due to respondent's, Charlotte Triplett, failure to timely serve a summons and complaint upon Bolden. Bolden argues that the respondent judge, the Honorable David M. Pancake, erroneously failed to dismiss the action, when Charlotte Triplett was unable to demonstrate good cause for failure to timely serve the summons and complaint.

### I.

On February 26, 1997, an automobile accident occurred in Cabell County, West Virginia.[1] Bolden was the driver of one vehicle, and the other vehicle was driven by Charlotte Triplett. Darrell Triplett, a minor, was riding as a passenger in Charlotte Triplett's vehicle. According to Charlotte Triplett ("Triplett") the accident was due to the negligence of Bolden. On February 28, 1997, 2 days after the accident, Triplett was treated at Cabell Huntington Hospital for a back injury that allegedly resulted from the accident. On the hospital admission form, Triplett listed Bolden as the individual who struck her in the automobile accident. The admission form also contained Bolden's residential address and Bolden's automobile insurance company.

On May 22, 1998, the automobile insurance carrier for Bolden forwarded an insurance declarations sheet to the attorney for Triplett pursuant to a written request by the attorney. This declaration sheet contained Bolden's policy coverage and limits, and it also provided Bolden's residential address.

On February 23, 1999, 3 days prior to the expiration of the applicable statute of limitations, a complaint was filed with the Circuit Clerk of Cabell County. Triplett did not serve a copy of the complaint or summons on Bolden at that time.

Sometime in September of 1999, the attorney for Triplett contacted the automobile insurance carrier for Bolden concerning a potential settlement. Bolden's insurance carrier requested an additional 2 weeks to negotiate a settlement prior to litigation. Apparently these negotiations failed and no settlement was reached.

Finally, on September 22, 1999,—211 days after the filing of the complaint—Bolden was served a copy of the complaint and summons via certified mail from the Cabell County Circuit Clerk's Office. The complaint was mailed to the same address listed on the hospital records and on the declarations sheet.

Bolden subsequently filed a motion to dismiss the complaint for failure to serve the complaint within 120 days after filing the complaint as required by *West Virginia Rules of Civil Procedure* Rule 4(k).[2] Fol-

---

1. The record does not indicate the exact location of the accident.

2. *West Virginia Rules of Civil Procedure* Rule 4 provides, in pertinent part:

   **Rule 4. Summons.**
   (a) *Form.*—The summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff. It shall also state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the com-

   plaint. The court may allow a summons to be amended.
   (b) *Issuance.*—Upon the filing of the complaint, the clerk shall forthwith issue a summons to be served as directed by the plaintiff. A summons, or a copy of the summons if addressed to multiple defendants, shall be issued for each defendant to be served....
   (k) *Time Limit for Service.*—If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the

lowing a hearing on this motion conducted on November 3, 1999, the circuit court judge denied the motion. By order dated December 7, 1999, the judge held that "the Court is of the opinion and does find that Rule 4(k) contemplates prospective application in the event that service is not yet made. Upon finding that service was effected against defendant, albeit beyond the 120–days, ... the Court is of the opinion that defendant's Motion should be denied."

Bolden subsequently filed the present petition for a writ of prohibition arguing that the circuit court erred in failing to dismiss the complaint, and requesting that a writ be issued prohibiting the circuit court from proceeding further in the underlying civil action.

## II.

We have stated that a writ of prohibition will issue if we determine a trial court has exceeded its legitimate powers. We have held:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear

court shall extend the time for service for an appropriate period.

3. *See supra* note 2.

that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996). We have further stated that "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. *W.Va.Code*, 53–1–1." Syllabus Point 2, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977). Having set forth the applicable standard of review, we now turn to the issue before us.

Bolden contends that the circuit court erroneously failed to dismiss Triplett's complaint even though service of the complaint and summons was not made within the 120–day time frame established by *W.Va.R.Civ.P.* Rule 4(k).[3] We have held that service of the summons and complaint must be made within the time frame established by Rule 4, unless good cause can be shown. In Syllabus Point 3, of *State ex rel. Charleston Area Medical Center v. Kaufman*, 197 W.Va. 282, 475 S.E.2d 374 (1996), we stated:

Dismissal under Rule 4(l) [now Rule 4(k)] of the West Virginia Rules of Civil Procedure is mandatory in a case in which good cause for the lack of service is not shown, and a plaintiff whose case is subject to dismissal for noncompliance with Rule 4(l) has two options to avoid the consequence of the dismissal: (1) To timely show good cause for not having effected service of the summons and complaint, or (2) to refile the action before any time defenses arise and timely effect service under the new complaint.[4]

In the matter before us, the judge did not make a finding of good cause for the delay of service. Rather, the judge determined that Rule 4(k) "contemplates prospective application in the event that service has not yet been made," and that once service was made,

4. *W.Va.R.Civ.P.* Rule 4(l) was amended in October of 1998 and became rule 4(k). The amendment occurred prior to the filing of the complaint in this case and so we examine this case under the amended rule.

dismissal pursuant to Rule 4(*k*) was improper. We do not believe that this is the proper interpretation of Rule 4(*k*).

In *State ex rel. Charleston Med. v. Kaufman, supra*, this Court considered the dismissal of an action after a 370–day delay in service. In that case, the circuit court reinstated the action, but we prohibited further proceedings unless the plaintiff was able to demonstrate good cause why the action should not be dismissed pursuant to Rule 4(*k*). We stated that "good cause must be substantial and not just a ruse[.]" 197 W.Va. at 287, 475 S.E.2d at 379. To ascertain if good cause existed for failure to timely serve the complaint, we established several factors to be examined: (1) length of time to obtain service; (2) activity of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) ease with which location could have been known; (5) actual knowledge by defendant of the action; and (6) special circumstances. 197 W.Va. at 288, 475 S.E.2d at 380, quoting *North Cicero Dodge, Inc. v. Victoria Feed Co.*, 151 Ill.App.3d 860, 863, 105 Ill.Dec. 28, 30, 503 N.E.2d 868, 870 (3d Dist.1987).

Counsel for Triplett contends that he had good cause for serving a copy of the complaint and summons to Bolden 211 days after the complaint was filed. Counsel contends that he did not have Bolden's address, that he was forced to hire an investigator to find her, and that he had engaged in negotiations with Bolden's insurance carrier thereby causing a delay.

A review of the record indicates that Charlotte Triplett had a copy of Bolden's address when she went to the hospital 2 days after the accident. Additionally, the insurance declaration sheet sent to Triplett's counsel also contained Bolden's address.[5] We have stated that "mere inadvertence, neglect, misunderstanding, or ignorance *of the rule* or its burden do not constitute good cause under Rule [4(*k*)]." *State ex rel. Charleston Med. v. Kaufman*, 197 W.Va. at 289, 475 S.E.2d at 381. We have also held that "it is a well established rule that the plaintiff or his attorney bears the responsibility to see that an action is properly instituted[.]" *Stevens v. Saunders*, 159 W.Va. 179, 187, 220 S.E.2d 887, 892 (1975). Neither Triplett nor her attorney took the responsibility to ensure that the action was properly instituted.

Triplett's second basis for claiming good cause was that there were ongoing negotiations with Bolden's insurance carrier. However, we have previously held that "by and large, courts have not considered that ongoing settlement negotiations excuse compliance with Rule [4(*k*)] [and] that mere inadvertence, neglect, misunderstanding, or ignorance of the rule or its burden do not constitute good cause under Rule [4(*k*)]." *State ex rel. Charleston Med. v. Kaufman*, 197 W.Va. at 288, 475 S.E.2d at 380–81. Additionally, it should be noted that the record reflects only a single 2–week delay as a result of "insurance negotiations," and that these negotiations were instituted by Triplett's attorney well after the 120 days provided for in Rule 4(*k*) had run.

Consequently, based on our review of the record and the arguments of counsel, we find that good cause did not exist and that the circuit court erroneously denied the motion to dismiss.

### III.

Accordingly, a writ of prohibition is issued prohibiting the respondent judge of the circuit court from further proceedings in the action of *Charlotte Triplett, individually, and as next friend of Darrell Ray Triplett, a minor v. Brenda Bolden*, Civil Action No. 99–C–144, currently pending in the Circuit Court of Cabell County, and that the circuit court enter an order dismissing the case in conformity with this decision.

Writ Granted.

Justice McGRAW dissents.

---

**5.** We note that during the hearing on the motion to dismiss, counsel for Triplett indicated that he did not then possess the declaration sheet. He did not deny receiving the declaration sheet—only that he did not have it on his person on the day of the hearing.