607 S.E.2d 491

**Dinah WITHROW, Plaintiff Below, Appellant,**

v.

**Timothy Joe WILLIAMS, Defendant Below, Appellee.**

**No. 31726.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 29, 2004.

Decided Dec. 2, 2004.

Shannon M. Bland, Esq., Bland & Bland, Charleston, for Appellant Withrow.

Reagan E. Whitmyer, Esq., Mark L. Garren & Associates, Charleston, for Appellee Williams.

Lou Ann S. Cyrus, Esq., Penny M. Smith, Esq., Shuman, McCuskey & Slicer, Charleston, for American National Property and Casualty Company.

PER CURIAM.

In this appeal, the appellant, Dinah Withrow, plaintiff below, challenges the August 28, 2003, order of the Circuit Court of Kanawha County, West Virginia, dismissing her action against the appellee, Timothy Joe Williams, defendant below. The action was dismissed for failure to serve the summons and complaint within the time required under Rule 4(*l*) of the West Virginia Rules of Civil Procedure. The complaint was filed on August 12, 1997, but was not served upon appellee Williams or the appellant's underinsurance carrier until 2003.

Contending that it was error to dismiss the action, appellant Withrow asserts that her former lawyer committed a fraud upon the court under Rule 60(b) of the West Virginia Rules of Civil Procedure in assuring her, through statements falsely attributed to the Circuit Judge, that the action was proceeding properly. When the appellant learned otherwise in October 2002, she immediately obtained a new lawyer and pursued the action, including completion of service of the summons and complaint. Appellee Williams and the appellant's underinsurance carrier, however, contend that any fraud committed by the appellant's former lawyer did not constitute a fraud upon the court and that, therefore, the appellant's request for relief under Rule 60(b) was untimely. Moreover, appel-

lee Williams and the underinsurance carrier contend that the appellant failed to show good cause under Rule 4(*l*) for the delay of service and that, as a result, the dismissal of the action was warranted.

This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For the reasons stated below, this Court concludes that the Circuit Court ruled correctly in dismissing the action. The actions of the appellant's former lawyer did not constitute a fraud upon the court under Rule 60(b). Nor did the appellant show good cause for the delay of service under Rule 4(*l*).

Accordingly, the August 28, 2003, order of the Circuit Court of Kanawha County is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 12, 1995, the appellant, Dinah Withrow, sustained personal injuries in a motor vehicle accident in Kanawha County while riding as a guest passenger in a vehicle operated by her husband. According to the appellant, their vehicle was negligently struck by a vehicle operated by the appellee, Timothy Joe Williams. Two years later, on August 12, 1997, the appellant and her husband filed an action in the Circuit Court of Kanawha County against appellee Williams.[1] Although Williams had insurance coverage, the underinsured motorist coverage of appellant Withrow, provided by American National Property and Casualty Company, was triggered.

At the time the complaint was filed, the appellant was represented by Glenn M. Nichols, a lawyer practicing in St. Albans, West Virginia. The summons and complaint, however, were not served within the time specified under Rule 4(*l*) of the West Virginia Rules of Civil Procedure. The version of Rule 4(*l*) in effect at that time provided as follows:

> If service of the summons and complaint is not made upon a defendant within 180 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.[2]

In January 1999, the Circuit Clerk of Kanawha County issued a written notice stating that the action would be dismissed in the absence of a showing of good cause why timely service had not been made. In reply, Nichols filed a motion to extend the time of service, claiming that service had not been made because of settlement negotiations with the insurance carriers. Nevertheless, pursuant to orders entered on February 23, 1999, and March 8, 1999, the Circuit Court dismissed the action pursuant to Rule 4(*l*).[3]

Subsequent to the dismissal, Nichols, indicating that the action was proceeding properly, told the appellant and her husband that the Circuit Judge said that there was a mediation session scheduled in the action and that, if representatives of appellee Williams' insurance company could not attend, they had better have someone's death certificate to show why they were not there. As stated in the petition for appeal: "These representations were made during a time when unbeknownst to Mr. and Mrs. Withrow the Circuit Court had all ready dismissed their case [.]"

---

1. Although the appellant's husband, Michael K. Withrow, was a named plaintiff in the action filed in the Circuit Court of Kanawha County, he is not an appellant in this appeal.

2. Rule 4(*l*) of the West Virginia Rules of Civil Procedure has since become Rule 4(k). In view of the decisions of this Court discussed *infra*, the Rule shall be referred to as Rule 4(*l*) as a matter of convenience. Changes to the Rule subsequent to the period in question herein are not relevant.

3. The order of February 23, 1999, dismissed the action for failure to comply with Rule 4(*l*). The order of March 8, 1999, dismissed the action for the same reason and, in addition, denied the motion to extend the time of service. The March 8, 1999, order stated that the motion to extend was not timely filed because it was not filed within the 180 day period following the filing of the complaint.

According to the appellant, it was not until October 2002 that she uncovered Nichols' misrepresentations and learned that the action had been dismissed.[4] The appellant immediately obtained a new lawyer who filed a motion under Rule 41(b) of the West Virginia Rules of Civil Procedure to reinstate the action.[5] Concluding that Nichols' misrepresentations constituted good cause for reinstatement, the Circuit Court, on February 7, 2003, granted the motion. Soon after, appellee Williams and the underinsurance carrier, American National Property and Casualty Company, were served with copies of the summons and complaint.

Thereafter, American National filed a motion to dismiss upon the ground that Rule 41(b) was inapplicable and could not be used to reinstate an action which had been dismissed under Rule 4(*l*) for failure to serve the summons and complaint.

A hearing was conducted on the motion in July 2003 during which appellant Withrow asserted that, Rules 4(*l*) and 41(b) notwithstanding, she was also entitled to avoid dismissal of her action under that part of Rule 60(b) of the West Virginia Rules of Civil Procedure which provides that a party can be relieved from an order of dismissal in the case of "fraud upon the court." Specifically, appellant Withrow argued that, through the statements falsely attributed to the Circuit Judge concerning mediation, Nichols committed a fraud against the appellant and a fraud upon the Circuit Court, the latter of which, unlike various other grounds for relief under Rule 60(b), may be raised without regard to filing time-limits.[6]

4. The appellant states that the misrepresentations and the dismissal were discovered after her husband inadvertently found out that Nichols failed to pursue an unrelated Social Security appeal on their behalf.

On September 25, 2003, this Court entered an order annulling Nichols' license to practice law in West Virginia. The annulment was based upon a number of matters unrelated to the circumstances herein.

5. Rule 41(b) provides in part:

Any court in which is pending an action wherein for more than one year there has been no order or proceeding, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontinued. The court may direct that such order be published in such newspaper as the court may name. The court may, on motion, reinstate on its trial docket any action dismissed under this rule, and set aside any nonsuit that may [be] entered by reason of the nonappearance of the plaintiff, within three terms after entry of the order of dismissal or nonsuit; but an order of reinstatement shall not be entered until the accrued costs are paid.

6. Rule 60(b) states in part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant statutory relief in the same action to a defendant not served with a summons in that action, *or to set aside a judgment for fraud upon the court*. (emphasis added)

In this action, the parties have apparently agreed that, at a minimum, Nichols committed fraud against the appellant and her husband within the meaning of Rule 60(b)(3), i.e., "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." In any event inasmuch as the dismissal of this action occurred in 1999, relief under Rule 60(b)(3) is no longer available, if at all, to the appellant because it is barred by the 1 year filing limit, set forth above, particular to that ground of relief under Rule 60(b).

The appellant contends, however, that, through statements falsely attributed to the Circuit Judge, the fraud committed by Nichols went beyond "simple" fraud under Rule 60(b)(3) and, instead, constituted a "fraud upon the court" which is not subject to the 1 year filing limit. As stated in syllabus point 4 of *Savas v. Savas*, 181 W.Va. 316, 382 S.E.2d 510 (1989): "That portion of Rule 60(b) of the West Virginia Rules of Civil

Nevertheless, pursuant to the order of August 28, 2003, the Circuit Court granted the motion of American National Property and Casualty Company to dismiss. In so ruling, the Circuit Court concluded that the misrepresentations committed by Nichols, although fraudulent, were "inter parties," i.e., between Nichols and appellant Withrow and her husband, and did not constitute a fraud upon the court.

Appellant Withrow appeals from the August 28, 2003, dismissal of her action.

## II.

## DISCUSSION

Appellant Withrow asserts that, by falsely attributing comments to the Circuit Judge concerning mediation, her lawyer, Glenn M. Nichols, used the credibility of the Circuit Court of Kanawha County to misrepresent the status of the action. According to the appellant, Nichols, therefore, subverted the judicial process and committed a fraud upon the court thereby entitling her to relief under Rule 60(b). Moreover, the appellant asserts that the fraud and her taking of prompt action upon its discovery constitute good cause under Rule 4(l) for the delay in service of the summons and complaint. Thus, the appellant contends that the Circuit Court committed error in dismissing her action. Appellee Williams and American National, on the other hand, assert that any fraud committed by Nichols did not constitute a fraud upon the court and that, therefore, the appellant's request for relief under Rule 60(b) was untimely. Moreover, Williams and American National assert that the appellant failed to show good cause under Rule 4(l) for the delay of service. Therefore, appellee Williams and American National contend that the dismissal should be affirmed.

In *State ex rel. Charleston Area Medical Center v. Kaufman,* 197 W.Va. 282, 475 S.E.2d 374 (1996), the plaintiff filed an action in the Circuit Court of Kanawha County against Charleston Area Medical Center for medical malpractice. Service of the summons and complaint, however, was not made within the time required under Rule 4(l), and, 337 days after the filing of the complaint, the Circuit Court dismissed the action. The day following the dismissal, the plaintiff moved to have the action reinstated pursuant to Rule 41(b) upon the assertion that service was delayed by ongoing settlement negotiations. The Circuit Court reinstated the action.

Concluding that the action had been improperly reinstated, this Court, in *Kaufman,* granted relief in prohibition to Charleston Area Medical Center. As syllabus point 2 holds: "A circuit court exceeds its jurisdiction if it purports to reinstate a civil action, which was dismissed under the provisions of Rule 4(l) of the West Virginia Rules of Civil Procedure, under the authority of Rule 41(b), and prohibition will lie with respect to such an order."

In so holding, this Court acknowledged that Rule 4(l), itself, contemplates relief in limited circumstances from a failure to timely serve the summons and complaint. In that regard, syllabus point 3 of *Kaufman* states:

Dismissal under Rule 4(l) of the West Virginia Rules of Civil Procedure is mandatory in a case in which good cause for the lack of service is not shown, and a plaintiff whose case is subject to dismissal for noncompliance with Rule 4(l) has two options to avoid the consequence of the dismissal: (1) To timely show good cause for not having effected service of the summons and complaint, or (2) to refile the action before any time defenses arise and timely effect service under the new complaint.

Syl. pt. 2, *Childress v. Thompson,* 200 W.Va. 342, 489 S.E.2d 499 (1997).

In addition, this Court noted, in *Kaufman,* that relief from a Rule 4(l) dismissal may be sought under Rule 59(e), concerning motions to alter or amend a judgment, or under Rule 60(b), discussed above, subject to the respective requirements of those Rules

---

Procedure which enables a court to set aside a judgment for fraud upon the court has no filing

time limit."

and subject to the showing of good cause prescribed under Rule 4(*l*). 197 W.Va. at 289, 475 S.E.2d at 381. Syllabus point 5 of *Kaufman* holds: "Under the West Virginia Rules of Civil Procedure, relief from dismissal under Rule 4(*l*) may be sought under Rule 59(a) and under Rule 60(b), subject to the respective requirements of the applicable rule and subject in all events to the showing of good cause required by Rule 4(*l*)."

This Court observed, in *Kaufman*, that the plaintiff, seeking to maintain the action on the docket, had raised the issue of relief under Rule 60(b) and, at the same time, had not had an opportunity to show good cause under Rule 4(*l*) for the delay in service. Accordingly, the relief in prohibition awarded to Charleston Area Medical Center precluding reinstatement of the action was made subject to a hearing to be subsequently conducted by the Circuit Court to determine whether the plaintiff could show good cause under Rule 4(*l*) for the delay in service and whether the plaintiff could show entitlement to relief under Rule 60(b). 197 W.Va. at 290, 475 S.E.2d at 382.

█ Similarly, the action of appellant Withrow was initially dismissed under Rule 4(*l*) and reinstated under Rule 41(b). Under the *Kaufman* decision, such a reinstatement was improper. However, seeking to avoid a second dismissal, appellant Withrow argues, also under *Kaufman*, that she is entitled to relief under Rule 60(b) and under the good cause provisions of Rule 4(*l*). The appellant's Rule 60(b) argument turns upon whether the misrepresentations of Nichols constituted a fraud upon the court.

The question of "fraud upon the court" under Rule 60(b) was before this Court in *Savas v. Savas*, 181 W.Va. 316, 382 S.E.2d 510 (1989). In that case, Ms. Savas filed a Rule 60(b) motion to set aside a divorce decree. The decree had been entered by the Circuit Court of Logan County approximately 13 months earlier. Ms. Savas alleged that, inasmuch as she had received and relied upon advice from her husband's attorney concerning the divorce, a fraud had been committed upon the Circuit Court. The Circuit Court, however, refused to set aside the decree.

█ In *Savas*, this Court affirmed the Circuit Court's denial of Rule 60(b) relief. Rejecting Ms. Savas' allegation of fraud upon the court, this Court held in syllabus point 5 as follows: "A claim of fraud upon the court is reserved for only the most egregious conduct on the part of attorneys, court officials, or judges which causes the judicial process to be subverted. It ordinarily does not relate to misrepresentation or fraudulent conduct between the parties themselves." The opinion concludes with the observation that Ms. Savas "could offer no viable reason as to why she delayed filing the motion until approximately thirteen months after the final decree." 181 W.Va. at 320, 382 S.E.2d at 514.

█ Here, there is nothing in the record to suggest that Nichols made any misrepresentations directly to the Circuit Court or to anyone other than the appellant and her husband. Specifically, there was no nexus between the misrepresentation at issue concerning mediation and the prior dismissal of the action in 1999. The false statement about mediation was made after the action had been dismissed for failure to serve the summons and complaint within the time required by Rule 4(*l*). *See*, n. 3, *supra*. The record indicates that the Circuit Court was not even aware of the statement until 2003 when the motion to dismiss filed by American National was under consideration. No rulings were made by the Circuit Court in reliance upon any misrepresentations made by Nichols. Therefore, the judicial process was not subverted by the misrepresentations, and the Circuit Court correctly determined that the fraud committed by Nichols was "inter parties," rather than a fraud upon the court. As stated in the response of American National to the petition for appeal:

[B]y no reasonable interpretation could a lawyer's attributing a statement to the trial court when speaking to his client constitute fraud upon the court. If anything, it might be fraud upon the client but certainly not the court, since the court was not convinced to take any action based upon the statement, and in fact, was not even aware of the alleged statement until years

after the case was dismissed for failure of service of process.

■ Nor has appellant Withrow shown good cause under Rule 4(*l*) for the delay in service of the summons and complaint. Although the appellant-asserted before the Circuit Court, through counsel, that Nichols misrepresented to her that the action was proceeding properly and that a mediation session had been scheduled, the appellant placed no evidence on the record in the form of testimony, affidavits or otherwise to show that she and Nichols had exchanged any correspondence or documents concerning the action or that the appellant had inquired to see whether the alleged mediation had taken place. Moreover, the appellant has not shown that proceeding with the action at this point would outweigh the prejudice to appellee Williams at trial caused by the delay in service. The accident occurred in August 1995, and the recollection of the witnesses would, no doubt, be impaired by the passage of time.[7] *See, Rollyson v. Rader,* 192 W.Va. 300, 303, 452 S.E.2d 391, 394 (1994), stating that, eight years later, witnesses "would expectedly have difficulty in accurately recalling the details of the accident."

### III.

### CONCLUSION

The actions of appellant Withrow's former lawyer did not constitute a fraud upon the court under Rule 60(b). Nor did the appellant show good cause for the delay of service under Rule 4(*l*). Accordingly, the August 28, 2003, order of the Circuit Court of Kanawha County dismissing the action is hereby affirmed.

Affirmed.

---

7. In his brief filed in this Court, appellee Williams sets forth the following factual matters which could impact a trial of this action:

    In the instant case, the motor vehicle accident occurred in, at or near a construction zone. A change in traffic pattern and gravel on the road are alleged by appellee Williams to have contributed to the circumstances surrounding the accident. The appellant complains of "complications" from surgery. There may have been independent witnesses who may have been aware of these alleged contributing and / or intervening circumstances or been involved in their creation.